## WALKER vs. McCOY.

[ACTION ON COMMON MONEY COUNTS—PLEA OF SET-OFF.]

1. *What demand is available as set-off, or in recoupment of damages.*—In an action on the common money counts, to recover money which was taken from plaintiff's possession, when arrested on a charge of having carried off defendant's slave with intent to convert her to his own use, and which was handed to defendant by the agent who made the arrest, the expenses actually incurred by defendant in regaining his slave are not available as a set-off, (Code, § 2240,) nor in recoupment of damages.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THIS action was brought by Pinckney L. McCoy,

against John H. Walker, to recover the sum of $200, alleged to be due by account on the 1st August, 1857 ; on an account stated ; for money had and received, and for money paid, laid out and expended. The defendant pleaded the general issue, and a special plea in the following words : "Defendant further pleads, in short by consent, that the said plaintiff, before the commencement of this suit, did feloniously take from defendant's possession a negro girl slave, named ——, the property of said defendant, and carried her out of the State of Alabama, with intent to convert her to his own use ; that in consequence of said felonious act on the part of said plaintiff, said defendant necessarily incurred great expense in order to reclaim said slave, to-wit, the sum of $400 ; that said defendant was compelled to pay said sum of $400 by the said plaintiff's wrongful and felonious act ; and that no part of said sum has ever been refunded to said defendant by said plaintiff, or by any one else for him, except the sum of $126, which is the subject of this suit."

The following are the agreed facts of the case : "It is admitted, that the plaintiff, before the commencement of this suit, feloniously took from the defendant's possession a negro girl, named ——, the property of said defendant, and carried her beyond the limits of this State, with intent to convert her to his own use ; that in order to reclaim said slave, said defendant incurred expenses to the amount of $400, in the employment of agents and police officers in Alabama and Georgia ; that he employed one McGibbony, a resident of Montgomery, to pursue and arrest said plaintiff, and to recapture said negro girl ; that McGibbony pursued plaintiff to Atlanta, Georgia, and there procured his arrest and the recapture of the negro, and that defendant paid McGibbony $400 for said services. It is further admitted, that said plaintiff, at the time he was arrested, had in his possession $126 ; that McGibbony took possession of said money, and handed it over to the defendant's possession before this suit was brought, and it is now in his possession ; and that McGibbony brought plaintiff and said negro girl back to Lowndes county, and delivered said negro to defendant. It is

admitted, also, that said defendant procured an indictment against said plaintiff, for stealing said negro; that plaintiff was tried under said indictment, condemned, and sentenced to the penitentiary, and that he is now confined in the penitentiary under the judgment of the circuit court of Lowndes."

On these facts, the court charged the jury, "that if they believed the evidence, they must find for the plaintiff;" to which charge the defendant excepted, and which he now assigns as error.

J. D. F. WILLIAMS, for the appellant.—1. Walker's demand did not sound in damages merely, but the amount thereof was clearly and accurately ascertained to amount to $400.—Holley v. Younge, 27 Ala. 203; Gibson v. Marquis, 29 Ala. 668.

2. Walker could have maintained an action on the case against McCoy, or trespass *vi et armis*, for enticing away or harboring his slave.—1 Chitty's Pl. 134; Ditcham v. Bond, 2 Maule & Sel. 436.

3. In an action for enticing away a servant, the plaintiff may recover, not only the necessary expenses incurred in reclaiming his servant, but for the loss of service, provided he proves the value of the lost services.—Sedgwick on Damages, 445; Hays v. Borders, 1 Gilman, 46, 65. But in this case, he only claimed the amount of money actually paid out, and adduced no proof of the value of the services. If he had sued Wiley, he could have either declared for the amount actually paid out, or claimed vindictive damages besides; and he may avail himself of the same right under the plea of set-off, claiming only the actual expenses.

BAINE & NESMITH, *contra.*—Wherever the defendant, if he were suing, could recover vindictive damages, his demand sounds in damages merely, and, consequently, is not available as a set-off under the statute.—Pearce v. Hoffman, 4 Wis. 277; Patterson v. Richards, 22 Barbour, 143; Holley v. Younge, 27 Ala. 206; Parker v. Mise, 27 Ala. 483.

2. The doctrine of recoupment only applies where both demands spring out of the same contract or transaction. Hatchett & Bro. v. Gibson, 13 Ala. 587.

A. J. WALKER, C. J.—The defendant's cause of action against the plaintiff was recoverable only in an action of trespass *de bonis asportatis.* The law does not prescribe or fix any measure of damages in that action. The plaintiff's demand was, therefore, one " sounding in damages merely." For his cause of action he had a right to demand, not only such special damages as he might prove, but also such vindictive damages as the jury might find. The defendant's demand was, therefore, precisely such as is excluded from the statute of set-off by the decisions in Holley v. Younge, 27 Ala. 303; and Gibson v. Marquis, 29 Ala. 668.

The argument for the defendant is, that his demand consisted, in part, of a right to recover the actual expenses incurred in regaining his property, when it was taken and carried away by the plaintiff; and that that part of his demand was susceptible of a definite ascertainment, by an application of the rules of the law, and that it may be set off without an infringement of the statute. If this be a sound argument, the special damages in an action of slander, malicious prosecution, false imprisonment, seduction, or assault and battery, might be brought forward under a plea of set-off. This would be productive of great inconvenience and confusion, and there is certainly no warrant for it in the statute. The right of set-off must always be mutual.—Taylor v. Bass, 5 Ala. 110; Code, § 2240. If the defendant may set off his demand against the plaintiff's, then the plaintiff would have the like right of set-off, if the attitude of the parties in the suit were reversed. This rule would be violated, by allowing the defendant in this case to abandon all except his special damages, and claim then under a plea of set-off. If the defendant in this suit were the plaintiff, suing in trespass *de bonis asportatis,* the present plaintiff would have no right to set off the demand now in suit. He could not say, I will split up your demand, and bring

forward my set-off against so much of it as is for special damage. Such a course could not be allowed, without a plain violation of the statute, which excludes the right of set-off where the demand sounds in damages merely. Thus, the result of the position taken for the defendant would be, to make his demand within or without the law of set-off, at his election.

The doctrine of recoupment is not available to the defendant, because the demands of the parties spring out of different transactions.—Hatchett v. Gibson, 13 Ala. 587.

Judgment affirmed.