# Nelms *v.* Hill.

*Action on Promissory Notes; Plea of Set-off.*

1. *Damages for trespass, as set-off.*—Damages for a trespass, by seizing and carrying off defendant's mules, whereby he was prevented from making a crop, for which he had bought guano, giving the note sued on for the price, is a demand "sounding in damages merely" (Code, § 2678), and not available as a set-off in an action on the note; nor can the demand be made available as a set-off by claiming damages only for the loss or destruction of the crop, such damages being remote and speculative.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. JESSE M. CARMICHAEL.

In this case, three several actions were brought by S. H. Hill, suing as surviving partner, against C. W. Nelms; each being commenced in a justice's court, and founded on a promissory note executed by defendant, of which the plaintiff claimed to be the owner by assignment. The three cases were consolidated in the Circuit Court, and the defendant interposed a special plea of set-off. The court sustained a

demurrer to this plea, and its judgment thereon is now assigned as error. The opinion states the averments of the plea.

GEO. P. HARRISON, for appellant, cited *Gibson v. Marquis*, 29 Ala. 668; *Bell v. Thompson*, 34 Ala. 633; *Cage & Salter v. Phillips*, 38 Ala. 382; *Wood v. Fowler*, 37 Ala. 55; *Sledge v. Swift*, 53 Ala. 110.

W. J. SAMFORD, contra, cited Code, § 2678; *Martin, Dumee & Co. v. Brown, Shipley & Co.*, 75 Ala. 442.

CLOPTON, J.—Against the notes on which the consolidated actions are founded, the defendant seeks to set off the damages suffered by plaintiff having seized and carried away his horses and mules. The plea, as originally framed, substantially avers, that the notes were given in consideration of guano sold to the defendant for the purpose of making a crop, with the understanding and agreement that they should be paid out of the crop grown therewith; and that a few days after the delivery of the guano, plaintiff wrongfully seized and carried away defendant's horses and mules, whereby he was deprived of the means of making the crop, which was lost to him. Though, by the statute, mutual demands, whether liquidated or unliquidated, may be set off one against the other, whether or not the defendant has the legal title, demands sounding in damages merely are in terms excluded.—Code, 1886, § 2678. The phrase, "sounding in damages merely," has been interpreted to include that class of demands where, when the facts are ascertained, the law is incapable of measuring the damages by a pecuniary standard.

Wrongfully seizing and carrying away defendant's stock constituted a trespass, damages for which are recoverable only in an action *de bonis asportatis*. In such action, not only actual and special, but also exemplary or punitive damages, are recoverable. That such cause of action is not available as a set-off under the statute, has been expressly decided. As long ago as in 1859, in *Walker v. McCoy*, 34 Ala. 659, it was held, that where the defendant's cause of action is recoverable only in an action *de bonis asportatis*, the demand was one sounding in damages merely, and was excluded from the statute of set-off, on the ground that, vindictive damages being recoverable, the law did not furnish a pecuniary

[Fitzgerald v. Williamson.]

standard of measurement. This ruling was re-affirmed in *Rosser v. Bunn*, 66 Ala. 89, and is decisive of the unavailability as a set-off of the defendant's cause of action set forth in the plea.

The plea was amended, so as to limit the set-off to the special damages—the loss or destruction of the crop—which it is insisted are susceptible of definite ascertainment. In *Walker v. McCoy*, *supra*, the same contention was made, and ruled against. It is said: "If the defendant in this suit were the plaintiff, suing in trespass *de bonis asportatis*, the present plaintiff would have no right to set off the demand now in suit. He could not say, I will split up your demand, and bring forward my set-off against so much of it as is for special damage. Such a course could not be allowed, without a plain violation of the statute, which excludes the right of set-off where the demand sounds in damages merely. Thus, the result of the position taken for the defendant would be to make his demand within or without the statute at his election."

Moreover, the plea claims to set off only the damages suffered by the loss of the crop. It is well settled, that damages to one's farming operations are too remote and speculative to be recoverable in an action of trespass, for wrongfully seizing and carrying away his stock while engaged in farming.—*Street v. Sinclair*, 71 Ala. 110; *Higgins v. Mayfield*, 62 Ala. 267; *Burton v. Holley*, 29 Ala. 218; *Wilkinson v. Keller*, 59 Ala. 306.

Affirmed.