(127 So. 907)

## NORTON v. BUMPUS.

### 8 Div. 174.

Supreme Court of Alabama.
April 17, 1930.

168

Tennis Tidwell, of Decatur, for appellant.

Julian Harris and A. J. Harris, both of Decatur, for appellee.

## BROWN, J.

The trial court sustained demurrers to the defendant's pleas 4, 5, and 6, as originally filed and as amended, and these rulings present the only question insisted upon on this appeal.

The case was tried on counts 2 and 3 as last amended. The second count is in trespass quare clausum fregit de bonis asportatis, alleging that "defendant broke into the plaintiff's close or lot in Decatur, Alabama, and wrongfully, willfully and in known disregard of the plaintiff's rights, and maliciously took therefrom two bales of cotton, and took out of plaintiff's stable one wagon load of seed cotton weighing, to-wit: 1200 pounds, the property of the plaintiff."

The third count is trespass on the case, for a wrongful and malicious interference with plaintiff's business, whereby, through threats of great bodily harm and intimidation, preventing the plaintiff from gathering crops grown by him on lands which he rented from the defendant. In both counts the plaintiff, in addition to the actual damages, claims punitive damages.

Plea 4 alleges that "the plaintiff agreed to cultivate twenty acres of land on the Courtland road for 1926, to be worked on the shares, one half to belong to each party, and plaintiff agreed to furnish the labor to make and gather the crop thereon and to do said work under the supervision of defendant and according to his direction, and defendant alleges that the plaintiff failed to put in, plant and cultivate about one third of said land which resulted in damage to the defendant in the sum of one hundred dollars, which he offers to *set off* against the claim of the plaintiff." (Italics supplied.)

Plea 5 adopts all of plea 4 down to and including the words "according to his direction," and further avers that "the plaintiff failed to cultivate said crop according to defendant's direction and failed to give said crop needed cultivation when repeatedly requested by the defendant to do so, and said crop failed to make a full crop or as much as it reasonably would have made if properly cultivated, and defendant was damaged thereby in the sum of one hundred dollars which he offers to *set off* against the claim of plaintiff." (Italics supplied.)

Plea 6 adopts the averments of plea 4 down to and including the words, "according to his direction," and further alleges that "the plaintiff failed to carry out his agreement in following the direction of defendant, and allowed said crop to suffer for need of work and neglected to gather said cotton when the same was open and ready for gathering and needed attention, and allowed said cotton to fall out and be rained on and be beat out by the rain and become damaged and be rendered less valuable to the damage of defendant in the sum of one hundred dollars which he offers to *set off* against the claim of the plaintiff."

The demurrers sustained take the points: "1. The said counts seek a recovery sounding in damages merely and are not subject to a set off; 2. The counts claim vindictive or exemplary damages which are recoverable under such counts against which the defendant cannot set off the demands set forth in said pleas."

Appellant's contention is that the pleas are pleas of recoupment, and that the demurrers were erroneously sustained.

In so far as the pleas seek to answer the second count, it is a sufficient answer to appellant's contention that the damages claimed by that count, taking the averments as true, arise out of a wrongful and malicious trespass committed by the defendant, a transaction wholly apart from the transaction made the basis of the defendant's pleas.

■ If it had been made to appear by the averments of the pleas that the contract between the parties as to the cultivation of the *twenty acres* of land on the Courtland road was the same as the contract referred to and made the inducement for count 3, in respect to the cultivation of the six acres on the Danville road and fifteen acres on the Courtland road, it might be conceded that the pleas, in so far as they seek to answer that count, could be treated as pleas of recoupment; but this does not appear. Moreover, the pleas appear to have been treated by the parties and the court as pleas of set-off, and they will be so treated here. Travis, Adm'r v. Sloss-Sheffield Steel & Iron Co., 162 Ala. 605, 50 So. 108.

■ It is well settled that the subject-matter of a plea of recoupment must arise out of the same transaction on which the plaintiff's cause of action is rested. Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A. L. R. 1093; Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215; Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271.

■■ Therefore, to be upheld at all, these pleas must be upheld as pleas of set-off. Such pleas are purely statutory, and only "Mutual debts, liquidated or unliquidated, demands *not sounding in damages merely*, subsisting between the parties at the commencement of the suit, whether arising ex contractu or ex delicto," may be made the subject of a plea of set-off. Code 1923, § 10172.

■■ It is likewise well settled that, where the plaintiff's action is one in which he may recover punitive or vindictive damages, such action sounds in damages merely, and it is not subject to a plea of set-off. Walker v. McCoy, 34 Ala. 659; Rosser v. Bunn and Timberlake, 66 Ala. 89; Nelms v. Hill, 85 Ala. 583, 5 So. 344. Nor was it permissible for the defendant to limit his pleas to the actual damages, as he sought to do by the amendment. Nelms v. Hill, supra.

■ It is also well settled that exemplary damages may be awarded, either in trespass or case where the act is wanton, malicious, or attended with circumstances of aggravation. Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224; Birmingham Waterworks Co. v. Brooks, 16 Ala. App. 209, 76 So. 515; Ex parte Brooks

200 Ala. 697, 76 So. 995; Rosser v. Bunn and Timberlake, supra.

We therefore hold that the demurrers to the pleas were sustained without error.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.