139 So. 269

## MOORE v. CARR, Judge.
### 7 Div. 84.

Supreme Court of Alabama.
Nov. 19, 1931.

Rehearing Denied Feb. 4, 1932.

Rutherford Lapsley, of Anniston, for petitioner.

Knox, Acker, Sterne & Liles, of Anniston, for respondent.

276

**GARDNER, J.**

Petitioner seeks by this mandamus proceeding (Ex parte Holzer, 219 Ala. 431, 122 So. 421) to vacate the order of the circuit judge transferring his case against the Sinclair Refining Company from the law to the equity side of the docket. The suit at law sought to recover damages for breach of contract and for negligent installation of gasoline equipment. The petition for removal to the equity docket was based upon the averments therein contained disclosing damages suffered by the defendant in the law action as the result of a trespass quare clausum fregit, and also trespass de bonis asportatis.

It may freely be conceded the allegations of the removal petition disclose a case for recovery of punitive damages by the defendant in the action at law which, sounding in damages merely, are excluded from our set-off statute. Section 10172, Code 1923; Norton v. Bumpus, 221 Ala. 167, 127 So. 907; Nelms v. Hill, 85 Ala. 583, 5 So. 344; Walker v. McCoy, 34 Ala. 659; Rosser v. Bunn, 66 Ala. 89. But so conceded, the petition does not present an equitable defense, as it is the established rule that exemplary damages are not awarded in equity (17 Corpus Juris, 971; 21 Corpus Juris, 59), a rule recognized by our decisions, as in Pulliam v. Owen, 25 Ala. 492, where is the language: "but unliquidated damages, sounding in tort, are not the subject of set-off in either court." See, also, Betts v. Gunn, 31 Ala. 219; Chambers v. Wright, 52 Ala. 444; Gafford v. Proskauer, 59 Ala. 264.

In Tate v. Evans, 54 Ala. 16, speaking to the matter of equitable set-off the court said:

"The substance of the general principles laid down by this court, as governing in matters of equitable set-off, is well and clearly condensed in the following language, which we adopt.

" '1. That although courts of equity at first assumed jurisdiction on the natural equity that one demand should compensate another, and that it was iniquitous to attempt at law to enforce more than the balance; yet now they only exercise it when a legal demand is interposed to an equitable suit.

" '2. When an equitable demand can not be enforced in a court at law, and the other party is suing therein.

" '3. When the demands are purely legal, and the party seeking the benefit of the set-off can show some equitable ground for being protected.'—2 Brick. Dig. 433, § 174. 'Insolvency is recognized as a distinct equitable ground entitling a party to relief, even in cases where both demands are purely legal.' "

It clearly appears therefore that the averments of the petition fail to meet the requirements for an equitable set-off. The mere fact that such punitive damages may not be made the subject of set-off in the law court presents no distinct equitable ground entitling defendant to relief in a court of equity, particularly in view of the well-recognized principle that equity does not award such damages.

We are of the opinion the trial court erred in transferring the cause upon the defendant's petition, and the writ of mandamus is therefore awarded.

Writ awarded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.