223 So.2d 30

Thomas DEKLE et ux.

v.

George D. VANN, Jr., et ux.

6·Div. 512.

Supreme Court of Alabama.

April 17, 1969.

Rehearing Denied May 29, 1969.

Whitmire, Morton & Coleman, Birmingham, for appellants.

R. G. Esdale, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal by the defendants from a judgment entered against them in a suit for alleged wilful, wanton and malicious trespass of land. The complaint consisted of five counts, each alleging that the defendants had trespassed upon the lands of the plaintiff, in that they had maliciously, wilfully and wantonly constructed a wall adjacent to lands of the plaintiffs which obstructed the flow of surface waters, causing the same to back upon and flood the premises of the plaintiffs. Each count contained the following language:

"And plaintiffs allege that all their said damages were proximately caused by the wilful, malicious and intentional construction of said wall with the intention to impede the flow of surface water and to back it up on the aforesaid land of the plaintiffs."

Each count also contained a claim for punitive as well as general, special and actual damages.

The trial court overruled demurrers to each count. At the conclusion of the testimony, taken before the court sitting without a jury, the plaintiffs were awarded $1,500.00. The defendants filed a motion for a new trial which was denied. This appeal followed.

It is the contention of the appellants that the trial court erred in not awarding a new trial for the following:

1. The trial court should have rendered its judgment for the defendants on their plea of res judicata. The basis of the plea of res judicata is this: The plaintiffs and defendants in this case live on adjoining lots in an unincorporated community. Both lots are in low places, in the language of the appellees, "somewhat like a trough". In the latter part of 1963 the defendants below built a concrete wall along the length of their lot, on the line between plaintiff's lot and that of the defendant. This wall obstructed the flow of water from the plaintiff's lot onto that of the defendants, causing the same to back up and flood the home of the plaintiffs. On October 13, 1963, the plaintiffs below filed a bill in equity seeking an injunction to require the defendants below to remove a portion of the wall so constructed which obstructed the flow of surface water across their property. This initial litigation has been before this court twice —Ex Parte Dekle, et al., 278 Ala. 307, 178 So.2d 85, and Dekle v. Vann, 279 Ala. 153, 182 So.2d 885. The following, taken from Justice Harwood's opinion in the last case cited, will adequately describe the nature of the controversy between these parties:

"The Vann lot lies immediately east of the Dekle lot and is somewhat higher, so that the natural flow of surface water is across the Vann lot and thence across the Dekle lot.

"The land in front of the lots and to the rear of the lots slopes toward the two lots. * * *

"The wall built by the appellants (Dekles) is a solid concrete wall about twelve inches thick, and some 180 feet long. It varies in height from three to four inches to about thirty inches at the low point of the two lots. The wall acts as a dam which prevents the surface water from following its natural course across the Dekle lot. * * *

"The material and decisive issue in this litigation was the legality of the erection of the wall by the appellants. Having no legal warrant to build the wall which acted as a dam, the reason or motive for its erection was irrelevant to the issue presented."

The equity case ultimately resulted in a decree ordering the defendants below (appellants) to open the wall by making an opening some 48 inches long and 6 inches wide therein.

This suit was subsequently filed seeking damages, including punitive damages, for the wilful and malicious trespass. The basis of the plea of res judicata is that the issue had been litigated once before in the equity suit. In this contention the appellants are wrong. It is true that once equity takes jurisdiction of a matter it will, in order to do complete justice between the parties, and to avoid a multiplicity of suits, retain jurisdiction for all purposes and award complete and final relief. However, in this state, the equity court is without jurisdiction to award as incidental to equitable relief, punitive damages. Moore v. Carr, 224 Ala. 275, 139 So. 269. See annotation at 48 A.L.R.2d 948. It follows, therefore, that the plea of res judicata is not well taken.

2. The next contention of the appellants is that the trial court erred in not awarding a new trial on the ground that the evidence does not support the judgment entered. There is undisputed evidence in the record before us that the appellants knowingly and wilfully built the wall. In fact, Dekle himself testified that: "I told him [Vann] at that time as much as I hated to do it [build the wall], I was going to have to do something to protect myself * * * that I was going to put a wall up". We cannot say that there was no evidence to support the judgment rendered by the trial court.

3. The last contention made by appellants is that the complaint was demurrable. We have carefully read the case cited in support of this argument and conclude that it is not in point. We have also examined the complaint and each count thereof and conclude that it and each count, is good against the demurrer interposed. As noted in Norton v. Bumpus, 221 Ala. 167, 127 So. 907, punitive damages may be awarded, either in trespass or case, where the act is wanton, malicious, or attended with circumstances of aggravation.

It follows that the judgment appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and HARWOOD and BLOODWORTH, JJ., concur.