BRADLEY, Judge.
Defendant appeals from the grant of a new trial following a jury verdict in favor of defendant. We affirm the trial court’s actions.
This case arises out of an automobile accident occurring on September 1, 1980. Defendant, Randal Kolman, who was then seventeen years old, was working on his car in his own driveway that day. Defendant’s father had forbidden him to drive the car, since the car was no longer insured. In defiance of his father’s orders, defendant took his car and drove to a friend’s house, and was returning from that friend’s house when the accident occurred.
Defendant’s return trip took him down Camelia Drive, a straight residential street approximately one and one-half car lengths in width. The street has three stop signs placed at various intersections, one placed at an intersection immediately before a small hill of such height as to prevent a driver coming from defendant’s direction *1118 from seeing over its crest. Defendant stopped at the stop sign at the foot of the hill, and then proceeded over the hill.
Defendant testified at trial that as he topped the hill, he saw a car in the middle of the street approximately two houses away. Defendant thought the car was either backing out of a driveway or was stopped in the middle of the road. When defendant saw the car, he slammed on his brakes in an attempt to avoid a collision. Defendant’s car skidded sideways and hit the back end of the other car, knocking it up into the yard.
The other car involved in the accident belonged to Hal Moore. Moore testified that he was making a turn into his driveway when he saw that the sprinkler was in the way, and turned to pull up on the side of the street in front of his house. He stated that he did not see defendant’s car until it collided with his car.
The length of the skid marks made by defendant’s ear, as measured by the investigating officer at the scene, indicated that defendant was travelling at a speed of around sixty-five miles per hour. The posted limit in the residential section was twenty-five miles per hour.
State Farm Insurance Company, the ap-pellee in this case and Moore’s insurer, paid off the damages incurred by Moore. As subrogee of its insured, State Farm brought this negligence action against defendant and his father. The father was later dismissed from the action. Defendant asserted the defense of contributory negligence on the part of Moore. Trial was by jury, and at the close of the evidence the jury returned a general verdict in favor of defendant. The trial judge, on motion by State Farm, thereafter granted a new trial on the ground that the verdict was contrary to the great weight of the evidence. Defendant appeals from the grant of a new trial.
The only issue to be decided on this appeal is whether the trial judge erred in granting a new trial. In reviewing the grant of a new trial, the trial judge’s actions are cloaked with a presumption of correctness. The reviewing court will not reverse the grant of a new trial unless it finds that the great weight of the evidence plainly and palpably supports the verdict. Bethune v. City of Mountain Brook, 336 So.2d 148 (Ala.1976). Moreover, where the evidence is in conflict and on review the appellate court is not convinced that the evidence plainly and palpably shows the trial court to be in error, the grant of a new trial should not be disturbed. Hubbard Brothers Construction Co. v. C. F. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169 (1975).
From our review of the record we find that the great weight of the evidence does not support the verdict and that the evidence does not show the trial court to be plainly and palpably in error. Hence the grant of a new trial must be affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.