HOLMES, Judge
(dissenting).
I respectfully dissent from the majority’s decision to reinstate the jury’s award in the case at bar.
It is well settled that the amount of punitive damages awarded is a matter that rests within the discretion of the jury. Randell v. Banzhoff, 375 So.2d 445 (Ala. 1979). Further, punitive damages may be awarded in a trespass action whenever the defendant’s act is wanton, malicious or attended with circumstances of aggravation. Dekle v. Vann, 284 Ala. 142, 223 So.2d 30 (1969).
While damages rest within the discretion of the jury, the trial court should reduce a jury verdict which is not merely overly generous, but so excessive that it demonstrates bias, passion, prejudice, corruption, or other improper motives or causes. Airheart v. Green, 267 Ala. 689, 104 So.2d 687 (1958).
“Where the trial court entertains a definite, well-considered opinion that the jury’s verdict failed to do justice between the parties, it is it’s duty to grant a new trial, even where the evidence is conflicting.” Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d 809, 815 (Ala. 1980) (Torbert, C.J., dissenting). The standard of review on an appeal of an order granting a new trial is whether there has been an abuse of discretion. Shiloh Construction Co., 392 So.2d at 815. The trial court’s granting of a new trial will not be reversed on appeal unless the evidence plainly and palpably supports the jury’s verdict. Todd v. United Steelworkers of *190 America, 441 So.2d 889 (Ala.1983); Kolman v. State Farm Ins. Co., 415 So.2d 1117 (Ala.Civ.App.1982). Further, on appeal, the record must be construed against the appellant. Parker v. McGaha, 291 Ala. 339, 280 So.2d 769 (1973).
In the case at bar I can find no evidence suggesting the trial court committed reversible error in granting a new trial. Quite the contrary. I find the case at bar to be a “textbook” case for the granting of a new trial. The evidence in this case does not support the jury’s award; thus, justice was not done between the parties and the trial court had a “duty” to award a new trial.
As the majority opinion notes, this was a trespass action that centered on the ownership of a road or the property upon which it passed. The record reveals that the defendant did block the road, but only as a result of his mistaken belief that he owned the property upon which the road passed. Defendant’s actions were not taken as a result of any malicious motive or wanton misconduct. Defendant’s mistaken belief as to the “ownership” of the road was shared by the plaintiff, who stated in a sworn affidavit that the roadway in dispute was “across property now owned by a Dr. Jack Kurtz.”
The record reveals no evidence that would be supportive of the jury’s award of $2,500 in punitive damages. The learned trial judge noted this fact and ordered a new trial in the face of plaintiff’s refusal to agree to a remittitur. The plaintiff has not shown the trial court’s actions to be “plainly and palpably wrong.”
Therefore, I must respectfully dissent.