(122 So. 421)

**Ex parte HOLZER.** (6 Div. 274.)

Supreme Court of Alabama. April 4, 1929.

Rehearing Denied May 30, 1929.

432

Leader & Ullman and David R. Solomon,
all of Birmingham, for appellant.

McClellan & Stone and C. C. Nesmith, all of Birmingham, for appellee.

BROWN, J. (after stating the facts as above). ▮ When a case is transferred from the law docket of the circuit court, or vice versa, on motion of one of the parties, though the statute provides that the order transferring the case may be assigned as error on appeal from the final judgment or decree, it is the settled rule here, if the order is erroneous, this does not afford the party aggrieved an adequate remedy to correct the error, and that mandamus is the appropriate remedy. Smith v. Grayson, Circuit Judge, 214 Ala. 197, 107 So. 448, Ex parte L. & N. R. R. Co., 211 Ala. 531, 100 So. 843.

▮ The statute requires that the motion "shall state the substance of the equitable right and be verified by the affidavit of some person having knowledge of the facts, *and the legal sufficiency of such motion may be tested by demurrer*," etc. Code of 1923, § 6489. (Italics supplied.)

While the statute is remedial in character and will be liberally construed so as to effectuate its purpose, it clearly contemplates that the motion shall state the equitable right or defense asserted, with the same precision and certainty in averment as is required to state such right in a bill in equity. If this was not so, the court, in passing on a demurrer to the motion, would be without rule, compass, or guide to determine whether or not the averments are sufficient. This seems to have been the interpretation given the statute in the decisions here, though not specifically so stated. Ex parte L. & N. R. R. Co., 211 Ala. 531, 100 So. 843; Pieme v. Arata, 202 Ala. 427, 80 So. 811; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230; Ellis v. Drake, 203 Ala. 457, 83 So. 281.

▮ The motion to transfer in the instant case is rested on two grounds: First, that the defendant, after the suit was filed, with a design to hinder, delay, or defraud the plaintiff, conveyed certain property; the grantees in the conveyance having notice or knowledge of the pending suit.

If it should be conceded that the averments are sufficient to show that the plaintiffs as common creditors of the defendant may proceed in a court of equity to set aside these conveyances and subject the property to the payment of their claim, yet we are of opinion that this is not such equitable right as affords ground for the transfer of the cause to the equity docket.

The scope and purpose of the statute, Code of 1923, § 6489, authorizing the plaintiff in an action at law to assert an equitable right as a basis for such transfer, is to relieve him from mistake, in the first instance in selecting the forum in which his case should be brought. The equitable right must inhere in the cause of action stated, and must not be merely incidental thereto, such as reaping the fruits of the litigation after his claim is established.

If the defendant, Arnold Holzer, was in fact and law the tenant of the premises and liable for the rent provided in the lease, the plaintiff has not mistaken the forum in which his case belongs, and the remedy at law is plain and adequate to the end of establishing his liability and obtaining the ordinary legal process for the enforcement of plaintiff's demand, and the alleged equity is not an obstacle to the rights asserted in the action at law.

▮ The other ground of the motion is that the contract sued on is in fact the contract of Steiner as executor of the estate of B. Holzer, deceased, and was executed by Arnold Holzer as the agent and representative of the executor, and therefore the plaintiffs are entitled to proceed in equity to have the contract reformed so as to hold the estate, or the executor in his representative capacity liable for the rents accrued under the lease. Here the

equity asserted is inherent in the plaintiffs' cause of action, and, if the averments are sufficient to establish the substance of the equitable right, the transfer of the case was well ordered and must be sustained. Nunnally Co. v. Bromberg & Co., supra; Ellis v. Drake, supra.

To entitle the plaintiffs to this relief, they must show that the name of Arnold Holzer in his individual capacity was inserted, and the name of Steiner as executor left out of the contract by mistake or fraud. Baltzer & Another v. Raleigh & Augusta R. R. Co., 115 U. S. 634, 6 S. Ct. 216, 29 L. Ed. 505; Bradford v. Union Bank, 13 How. 57, 66, 14 L. Ed. 49; 23 R. C. L. 333, § 24; Nunnally & Co. v. Bromberg & Co., supra.

There is no averment of fraud in connection with the execution of the lease, nor of mistake within the meaning of the rule. So far as the averments show, Arnold Holzer, who executed the contract, was acceptable to the plaintiffs as their tenant, and was accepted by them as such in the execution of the contract.

Another obstacle, which is in no way negatived or overcome by the averments of the motion, is that the business or trade in which the testator, B. Holzer, may have been engaged, "is not, by operation of law, transmissible to his personal representative, except to a very narrow, limited extent; and a continuance of it by the representative is a breach of duty, from which only liability and loss to him can result. The testator may authorize its continuance; and if it is authorized, and the executor assumes to exercise the power, he renders himself personally liable for debts he may contract in the continuance of the business. Ex parte Garland, 10 Ves. 119; Morrow v. Morrow, 2 Tenn. Ch. 549. Those with whom he deals, cannot proceed directly against the estate of the testator. The estate is bound, however, to the indemnity of the executor for all debts and expenses properly incurred in the continuance of the business, when the continuance is in the exercise of a power conferred by the will, or under the authority of a court of competent jurisdiction. If he is not in default— if he is not, on a just settlement of his accounts, indebted to the estate; if the debts incurred by him are in truth advances properly made by him in the prudent exercise of the power, the creditors dealing with him have an equity to be subrogated to his right of indemnity from the trust estate." Foxworth v. White, 72 Ala. 224; Steele v. Steele, 64 Ala. 438, 38 Am. Rep. 15; note 3 A. L. R. 1610.

We are of opinion that grounds of demurrer 6 and 16 to the motion were well taken, and that error was committed in overruling the demurrer, and the fact that the court, after overruling the demurrer, proceeded to a hearing on the motion, the defendant participating therein, was not a waiver of the error.

Writ of mandamus is granted.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.