173 So. 48

## WHITTEN v. SHEFFIELD LAND CO.

### 8 Div. 758.

Supreme Court of Alabama.

March 11, 1937.

Edd Ikard, pro se.

Griffin & Ford, of Huntsville, for appellee.

R. L. Polk and T. M. Thomas, both of Sheffield, for appellant.

Andrews & Almon, of Sheffield, for appellee.

BOULDIN, Justice.

Appellee sued appellant in statutory ejectment. Defendant filed a motion in writing, duly verified by affidavit, setting up an equitable defense, namely, that he held possession of the lands under purchase evidenced by contract in writing, and had, prior to the bringing of the suit, paid the deferred installments of purchase money in full, and acquired a perfect equity in the lands. Cox et al. v. Cox, 209 Ala. 75, 95 So. 275.

The motion prayed a transfer of the cause to the equity docket under Code, § 6490.

Plaintiff filed affidavits controverting the fact of payment of the purchase money, denying payment by working out the debt as averred in the sworn motion, deposed to long-continued defaults, and the possession of the purchase-money notes, never surrendered nor requested to be surrendered.

The court denied the motion to transfer, tried the case at law, and gave judgment for plaintiff.

Forthwith defendant filed an independent bill in equity setting up the same equity and praying for a divestiture of title, etc.

At the same time, within the thirty-day period after judgment in ejectment, defendant filed a motion to set aside the judgment at law and transfer the cause to the equity docket. The bill in equity was made an exhibit to this motion, which sought to have same treated as a bill in the original cause transferred to the equity docket. This motion was denied.

On this appeal it is sought to review the action of the court on both motions. The denial of the motion to transfer the cause to the equity side of the court is not reviewable by appeal. Derzis v. Cox, 223 Ala. 517, 137 So. 306.

To meet this objection, a motion is here made for an alternative writ of mandamus.

We have recognized mandamus as a proper practice in some cases under this article of the Code.,

Thus, upon a motion by defendant to transfer a suit in ejectment to the equity docket, the court erred as matter of law. in sustaining a demurrer challenging the sufficiency of the equitable defense set up; mandamus was awarded by this court on the ground that the remedy by appeal was inadequate to accomplish the purposes of the statute. Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843; Smith v. Grayson, Circuit Judge, 214 Ala. 197, 107 So. 448.

In the instant case the trial court was dealing with a motion wherein an issue of fact as to the existence of the equitable defense was presented. The statute expressly authorizes the plaintiff to controvert such fact by affidavits, and the transfer is to be made only "if it satisfactorily appears to the judge hearing the same that such *motion* and *proof* sufficiently *assert* and *show* an equitable right or defense." (Italics supplied.) Code, § 6490.

This hearing is ex parte in character, is manifestly not res adjudicata on the issue of equitable right or defense. It looks to such adjudication by transfer to the court of equity where regular issues are made up and tried under equity practice. This ex parte hearing is to determine whether the ends of justice will probably be promoted by a transfer, or by a denial of such motion. Obviously in such case

582

there is no right of removal as of course on the filing of the sworn motion alleging facts constituting a good equitable defense.

While mandamus of this sort is appellate in character, affording a remedy where no appeal is available, it is only to be granted upon a clear showing of error in the trial court to the injury of petitioner.

The equities here sought to be set up are available by separate bill after judgment at law in ejectment. Courts of equity have, through a long course of history, worked out remedies and safeguards for the protection of litigants.

This transfer statute is intended to facilitate full and complete justice, avoiding needless delays and multiplicity of suits.

Where, as here, there is an issue of fact as to the existence of the asserted equity, these ends may be thwarted, rather than promoted by the transfer of an ejectment suit. Notwithstanding plaintiff has the legal title, all the indicia of a right to possession, the defendant, through this route, may withhold possession indefinitely with no security for damages by reason of wrongful detention in case the asserted equitable defense fails.

In an original bill in equity to enjoin the enforcement of a judgment in ejectment, a proper bond is required.

The trial court may well have all this in mind when passing upon the motion to transfer. Clearly this court should not disturb his finding by mandamus except for manifest error or abuse of discretion. No such conditions appear in this record.

Appeal dismissed; mandamus denied.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.