182 So. 399

## BALLENTINE v. BRADLEY et al.

### 8 Div. 902.

Supreme Court of Alabama.

June 16, 1938.

A. H. Carmichael, of Tuscumbie, and W. L. Chenault, of Russellville, for appellees.

E. W. Godbey, of Decatur, for appellant.

KNIGHT, Justice.

The plaintiff—appellant here—brought statutory ejectment against the defendants to recover a certain tract of land, located, lying and being in Lawrence County, Alabama. The action was commenced in the year 1936, and the defendants filed their separate pleas of "not guilty" on July 11, 1936.

Thereafter, Mrs. Tennie Lee Bradley, one of the defendants, and hereafter referred to as movant, filed a written motion in the case, duly verified, praying that the cause be transferred from the law side of the docket to the equity side thereof, in order, as averred, that she might have the benefit of her equitable defense to the action. This motion was filed on March 22, 1938.

The original motion averred that the movant had agreed in writing to sell to the plaintiff certain lands described in an exhibit to the motion, and that the plaintiff had contracted to buy the same at and for the sum of $13,000. That pursuant to her said contract with the plaintiff, she instructed her attorney "to draw a deed" conveying to the plaintiff the lands he had contracted to buy, and which movant had contracted to sell to him. It is then averred that her said attorney in "drawing said deed," by accident or mistake, incorrectly described said lands, and that she executed said deed in ignorance of the fact that the lands conveyed were not properly described, and that it also included lands which were not included in the contract of sale.

A demurrer was sustained to the original petition, and thereupon the movant amended her motion by adding thereto an additional

paragraph numbered five. In this paragraph, Mrs. Bradley averred that "there was a mutual mistake of the plaintiff and this defendant, or a mistake on the part of the plaintiff, or a mistake on the part of Hon. J. C. Forney, Attorney for plaintiff, who was the scrivener representing the plaintiff in writing said deed, * * *." No part of the motion originally filed by Mrs. Bradley was stricken, but it remained as originally filed, with the unequivocal averment that the mistake was made by her attorney in writing the deed.

The motion, as written, is not a model of perspicuity, in fact, it is crudely drawn, but we think we can discern just what the pleader had in mind, when he prepared it. In the motion, as last amended, the movant first avers that the attorney, who prepared the deed, was her attorney, and that she signed the instrument without reading it, relying upon the assumption that her attorney had written the deed "in conformity with said contract." And later, it is solemnly averred that the mistake was made by Hon. J. C. Forney, who was the attorney for the plaintiff, and "the scrivener representing the plaintiff in writing said deed." Thus we are put to a guess as to which averment the movant intended for the court to rely upon in passing upon the sufficiency of the motion, or upon which averment she intended to rely in making her proof.

At least one ground of plaintiff's demurrer pointed out the inconsistency and repugnancy thus apparent in the motion. This demurrer should have been sustained, and the court committed error in overruling the same.

If the mistake was only that of the attorney or agent of the defendant Bradley, movant, this would not authorize reformation, because mutuality of mistake is not made to appear. Cudd v. Wood, 205 Ala. 682, 89 So. 52; 34 Cyc. 920; Camper v. Rice, 201 Ala. 579, 78 So. 923; Dexter v. Ohlander, 95 Ala. 467, 10 So. 527; Warren v. Crow, 195 Ala. 568, 71 So. 92.

While we have repeatedly held that Section 6490, and companion sections, are remedial in character, and must be given a liberal construction to effectuate the purpose for which they were enacted, yet we have just as often held that these statutes contemplate and require that the "motion shall state the equitable right or defense asserted, with the same precision and certainty in averment as is required to state such right in a bill in equity. If this was not so, the court, in passing on a demurrer to the motion, would be without rule, compass, or guide to determine whether or not the averments are sufficient." Ex parte Holzer, 219 Ala. 431, 122 So. 421, 422.

We have often had occasion to point out the grounds on which a court of equity will assume jurisdiction to reform written instruments. "First, where there is a mutual mistake, that is, where there has been a meeting of minds, an agreement actually entered into, but the contract, deed, settlement, or other instrument, in its written form, does not express what was really intended by the parties thereto; and, second, where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining parties;" and also where there has been a mistake on the part of the scrivener. Of course the mistake must be unmixed with negligence on the part of the party seeking relief. Gallilee Baptist Church v. Pallilla et al., 219 Ala. 683, 123 So. 210; Burch et ux. v. Driver, 205 Ala. 659, 88 So. 902; Bagley v. Bagley, 206 Ala. 232, 89 So. 739; Holland Blow Stave Co. v. Barclay et al., 193 Ala. 200, 69 So. 118; Hammer v. Lange, 174 Ala. 337, 340, 56 So. 573.

To authorize reformation of an instrument for mutual mistake of fact, great particularity of averment is required. Amberson et al. v. Patterson, 227 Ala. 397, 150 So. 353; Parra v. Cooper, 213 Ala. 340, 104 So. 827; Bennett v. Brown, 219 Ala. 414, 122 So. 414; O'Rear v. O'Rear, 219 Ala. 419, 122 So. 645; Waller v. Mastin, 220 Ala. 479, 125 So. 806.

After the court had overruled the plaintiff's demurrer to the motion as last amended, the plaintiff, as he was authorized to do under the provisions of Section 6490 of the Code, filed a written answer to the motion, in which the facts stated in the motion were not only "controverted by affidavit," but in which the plaintiff stated facts showing that there was no mistake, mutual or otherwise, in the conveyance as to inclusion of any of the lands. To this answer the movant demurred on a number of grounds. The court sustained this demurrer. In this there was manifest error. Thereupon the plaintiff amended his answer by the incorporation, as a part of the answer, of two affidavits, one by J. C. Forney, who prepared the deed, and the other by

Francis Forney, a son of said John C. Forney, and who was the notary before whom movant executed the deed. These affidavits clearly controverted the facts set forth in the defendant Bradley's motion. To the answer as amended, the defendant Bradley again demurred. The court sustained this demurrer, and in this there was error.

The court then ordered the cause transferred to the equity side of the docket. In this there was also error.

The cause is here by appeal, and with the submission, the appellant also filed motion for mandamus to review the several orders, in the event appeal would not lie.

We have heretofore held that no appeal is allowed by Section 6490 from orders transferring causes from the law docket to the equity docket of the court (and vice versa), that such orders are reviewable on appeal from the final judgment or decree in the cause. Therefore, inasmuch as the orders or decrees appealed from in this cause will not support an appeal, the appeal must be dismissed.

However, when a case is transferred from the law docket of the circuit court, on motion of one of the parties, though the statute provides that the order transferring the case may be assigned as error on appeal from the final judgment or decree, it is the settled rule here, if the order is erroneous, that the aggrieved party may by mandamus have such order reviewed and corrected by this court, the remedy afforded by statute being deemed inadequate. Ex parte Holzer, supra; Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48.

We are of the opinion, and so hold, that the demurrer interposed by plaintiff to the motion as last amended was well taken, and that the court committed error in overruling the same. We are also of the opinion, and hold, that the demurrers of movant to the answer as first filed, and as amended, were not well taken, and the court committed error in sustaining the same. Likewise, we are of the opinion, and hold, that the court, in the state of the case as shown by the record, committed error in ordering the transfer of the cause to the equity docket of said court.

Writ of mandamus is, therefore, granted.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.