198 So. 138

**Ex parte R. A. BROWN & CO.**

**6 Div. 707.**

Supreme Court of Alabama.

Oct. 10, 1940.

158

Wm. S. Pritchard and David R. Solomon, both of Birmingham, for petitioner.

D. H. Markstein, Jr., and J. J. Cocciardi, both of Birmingham, for respondent.

FOSTER, Justice.

This is an original proceeding to review the action of the circuit court in refusing to transfer an action at law to the equity docket on motion of defendant. The suit is by "The Forum, Inc.," a corporation, and is against R. A. Brown and Company, a corporation, on the common counts for money had and received.

The answer of the trial judge to the rule nisi shows that on hearing the motion to transfer, the facts on which the motion is based, as he analyzed them, are briefly that in 1938, E. J. Miller, an agent for defendant, a real estate broker, and three others, Fiore, Rumore and Paradiso, conspired to defraud a corporation which the last three men, above named (whom we will here call the promoters), proposed to incorporate having other stockholders who would be the ultimate victims of the fraud. The promoters would act by using defendant's name as a conduit for the purchase of an item of real property, making an advance payment with money loaned the plaintiff corporation by them. The purchase was to be at one figure and the sale to the corporation was at another and larger figure. The corporation was formed with said promoters as principal officers, but with other

innocent stockholders. The three men named above with Miller thus undertook to defraud their own corporation, so as to make the loss extend to the innocent stockholders. The contract was between plaintiff however and defendant. Pursuant to it, plaintiff paid defendant $7,500, all of which was paid out under the direction of the promoters, except $750, as a fair commission to defendant for its services as a broker.

The plaintiff corporation discovered the fraud before the scheme was consummated, rescinded the transaction and sued defendant for the $7,500 on the common counts.

Upon the theory that it has a remedy in equity in this situation, not available at law, defendant moved to transfer the cause to equity as we have stated. If this respondent has any rights on account of that situation, they are not available at law.

■ The suit is by a corporate entity to redress a wrong done it as such. The fact that its principal officers are alleged to be the chief perpetrators of the wrong does not deprive the corporation from maintaining an action against them and all others who participated in it or who are responsible for it. This power to maintain a suit at law is emphasized by the fact that some of the stockholders are supposed to be innocent of any wrong, and are those on whom the burden of it would most heavily fall. This theory is fully supported by the case of Davis v. Las Ovas Co., 227 U.S. 80, 33 S.Ct. 197, 57 L.Ed. 426, cited by the trial judge in his answer to the rule nisi. So that if defendant has any right it is available in equity only.

■ We inquire into equity remedies to determine if there is any available. Sometimes for one purpose or another a court of equity will declare a corporate set up as a sham or subterfuge where substantially all of its stockholders organized it for a personal purpose, subversive of the rights of others. Appelbaum v. First National Bank, 235 Ala. 380, 179 So. 373; Christian & Craft Grocery Co. v. Fruitdale Lumber Co., 121 Ala. 340, 25 So. 566; Felsenthal Co. v. Northern Assurance Co., 284 Ill. 343, 120 N.E. 268, 1 A.L.R. 602, note page 611; Western Securities Co. v. Spiro, 62 Utah 623, 221 P. 856, 859.

There was no such corporation here involved. But it was the corporation itself which it is alleged the promoters sought to defraud. That apparently included themselves as being thereby adversely affected as a part of the scheme to put the larger part of the burden on other and unsuspecting stockholders to be inveigled into the trap. On such a state of facts the right of action is in the corporation.

The defendant assumes the attitude of innocence, albeit of liability, by reason of the fact that its agent was a party to the scheme and acted in the name of defendant, and that thereby it became responsible as the innocent instrumentality used by the promoters and defendant's agent Miller to work the fraud, so that it would appear on its face to be the fraud of defendant when in fact it was that of the promoters and Miller.

■ If that is the situation, the promoters and Miller and defendant would be each and all jointly and severally liable to account to the plaintiff corporation. The plaintiff could sue one or all on that account. The form of its remedy is immaterial to the question at hand. But the question relates to the equitable status of the parties. On the facts averred, if the cause is transferred to equity, we think defendant could frame a bill alleging its own absence of participation in the wrong, bringing in the promoters and Miller as parties, which would have equity.

We emphasize the idea that on those facts plaintiff has a claim against them all, and could unite in one suit all of them. But as between themselves, the primary duty to reimburse plaintiff, assuming defendant's innocence, is on the promoters and Miller, and it is their duty to indemnify this defendant against any such liability. So that though defendant may be liable to plaintiff, yet as between it on the one hand and the promoters and Miller on the other, it would be liable secondarily, and they would be primarily so. When so, the former may sustain an equitable right and remedy to compel the latter to discharge the obligation so as to relieve him. Hawkins v. Holman, 239 Ala. 541, 195 So. 880, where a long line of cases is cited to that effect.

As an incident to this equitable remedy, defendant seeks an equitable set off of the debt of plaintiff corporation to the promoters for the money advanced to it by them, and to make it available as such in respect to the obligation of the promoters to pay money to plaintiff to relieve defendant of the duty to repay plaintiff the amount of the demand sued for. This is based on an allegation of the insolvency of the pro-

moters. We will not now stop to analyze any such claim. But if it exists at all, it is only in equity.

■■ The motion to transfer was made under authority of section 6490, Code, and was verified by affidavit. Demurrer to it was sustained. This procedure is there authorized. The statute also permits the facts to be controverted. This does not mean that on such motion, the court will make an adjudication of any question of fact which may be disputed, but will only inquire into the facts if they are controverted, to determine whether the claim is made in good faith and is not fictitious or made for delay. Ballentine v. Bradley, 238 Ala. 446, 191 So. 618 (12). The record does not show that it reached that stage, but the court sustained demurrer to the motion.

■ We think that this was not in accord with the line of cases which we have cited, evidently not brought to the attention of the trial judge, but are pertinent to the facts alleged. We think the demurrer should have been overruled. Mandamus is the method adopted to review rulings under this statute. Jones v. Wright, 220 Ala. 406, 125 So. 645.

The writ is ordered directing the trial judge to overrule the demurrer to the motion to transfer the cause to equity and to order it transferred, unless on its hearing he finds that it is not made in good faith, or to meet the ends of justice, but is made merely for delay.

Petition for mandamus awarded.

GARDNER, C. J., and BOULDIN and LIVINGSTON, JJ., concur.