59 So.2d 683

**EDGE v. BONNER et al.**

6 Div. 367.

Supreme Court of Alabama.

June 19, 1952.

H. E. Mitchell and H. A. Entrekin, Cullman, for appellant-petitioner.

Bland & Bland, Cullman, for appellees and respondent.

FOSTER, Justice.

Appeal was taken from a judgment transferring a suit at law to equity on the motion of defendant Bonner. Since an appeal does not lie from such an order (section 153, Title 13, Code), appellant, Edge has applied for a writ of mandamus in the alternative. Mandamus is the appropriate remedy. Ballentine v. Bradley, 236 Ala. 326, 182 So. 399.

No rule nisi has issued, but petitioner here seeks such rule. That remedy is available if he shows by his alternative petition that he has a prima facie right to such relief. Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836; Brazel v. New South Coal Co., 131 Ala. 416, 30 So. 832; Central of Georgia R. R. Co. v. Carlock, 196 Ala. 659, 72 So. 261; Ex parte State ex rel. Denson, 248 Ala. 161, 26 So.2d 563.

The action at law was by this petitioner, Edge, for a breach of the covenants of warranty in a deed conveying land, executed by defendant to him. Defendant moved to transfer the suit to equity on the ground that he had the right on the facts alleged to have the deed reformed so as to exclude from it that part of the land included in the description which defendant did not own. The deed conveyed a certain ten acres described by metes and bounds in the N.E. corner of S.E. ¼ of S.W. ¼, section 20, Township 9, Range 2 west, as being three hundred and fifty-five yards east and west, and one hundred and forty yards north and south. It is alleged they had a mutual agreement that plaintiff was buying a strip two hundred and eighty yards east and west and one hundred and thirty-five yards north and south, which had clearly defined boundary lines, and in which it was agreed that he was selling only what was included in said boundary: that it was erroneously described by mutual mistake.

On hearing the motion to transfer to equity, petitioner, there defendant at law,

made affidavit supporting the motion, averring among other things, that neither of them knew the lines bounding the ten acres; that he conveyed it by using the description in the deed to him; that it had well defined boundaries as shown on the land; that plaintiff, Edge, had been a tenant and cultivated it up to these boundaries, and that affiant told Edge he would not sell it except up to those lines thus made plain; that Edge stated that he was perfectly satisfied with those lines as they thus appeared; that the lot was not then surveyed, and they did not know the dimensions of the lot as thus bounded. The affidavit is very full and complete showing a mutual mistake. It is supported by the affidavits of others. Edge made an affidavit denying that Bonner told him he was only selling to the said boundary lines. That a suit arose between him and his adjoining property owner Eddleman as to the true line between them. That Bonner testified in that suit as a witness, not to quote the exact language of the affidavit but in substance, that he sold to Edge just a part of that ten acres; that there was no agreement about where the lines were, and the question was never raised between them.

Edge, the petitioner to this Court, makes only one contention in various forms that Bonner was estopped by the judgment favorable to Eddleman in that suit, occasioned by his participation as a witness for Eddleman and testifying differently from his testimony on his motion to transfer. He claims that this amounts to *res adjudicata* and estoppel by the judgment in the former case.

Of course, the principle is well understood that *res adjudicata* and estoppel by judgment only apply to the parties and their privies to the suit in which the judgment was rendered. Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759; Interstate Electric Co. v. Fidelity and Deposit Co., 228 Ala. 210, 153 So. 427; Rowe v. Johnson, 214 Ala. 510, 108 So. 604; Clark v. Whitfield, 213 Ala. 441, 105 So. 200.

The record before us does not show the extent of the controversy in that suit be-

tween Edge and Eddleman, nor what the issues were. The decree or judgment in that suit is not set out even in substance.

Bonner, the grantor, is not a privy of Edge, the grantee, although Edge would be a privy of Bonner in respect to a suit begun against Bonner before the conveyance to Edge. 50 C.J.S., Judgments, § 788, p. 327; Dinkins v. Latham, 202 Ala. 101, 79 So. 493; Roberts v. Bright, 222 Ala. 677, 133 So. 907.

 Doubtless counsel have in mind the principle that in a suit for the breach of covenants of warranty in a deed, and the covenantee had litigation with the claimant of a superior conflicting interest, the result of that litigation is conclusive on the covenantor only when the covenantee has made demand on the covenantor that he appear and defend the pending suit. Smith v. Gaines, 210 Ala. 245, 97 So. 739; Chestnut v. Tyson, 105 Ala. 149, 162, 16 So. 723; Graham v. Tankersley, 15 Ala. 634, 644. Not to say it would not be so if he voluntarily defended the suit.

That principle has no application simply because the covenantor testified as a witness in the suit. In the first place, he must not only have notice of the suit but he must be called on to defend the title which he conveyed and warranted. But even if such notice and demand were given or without it he appeared and defended the suit on behalf of Edge, the result would not affect the right of Bonner to a reformation. The effect of the reformation would relieve Bonner of the burden of his covenant as to that part eliminated by the reformation. The judgment in the suit with Eddleman would be conclusive on Bonner only to the extent that Eddleman had title to that strip of land, superior to that which Bonner conveyed to Edge. But that would not depreciate Bonner's right to a reformation to eliminate it from the deed, if he otherwise has such right. With that eliminated from the deed, the covenant falls with it to that extent.

We have treated the question as though the evidence was complete to show the nature of the suit with Eddleman, and the substantive features of the judgment or de-

cree, and that Bonner was called upon to defend Edge in that suit, or voluntarily did so. Those details do not appear, but are necessary to sustain the principle. But if complete in that respect, it would not be an answer to a good bill to reform. It is not contended that it is not a good bill for that purpose. Ballentine v. Bradley, supra.

 This submission does not contemplate that we make an adjudication of any disputed question of fact, but only of whether the petition sets up an equitable right shown to be made in good faith, which is a good defense to the suit at law, but not there available. Ex parte Brown & Co., 240 Ala. 157, 198 So. 138; Ballentine v. Bradley, 238 Ala. 446, 191 So. 618 (12); Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48.

 We do not find that the trial court erred in transferring the suit to equity to enable Bonner to maintain his claim for reformation which is not available at law, and which if sustained is a complete defense to a suit on the covenants of warranty.

The appeal is dismissed and the rule nisi is denied.

Appeal dismissed; rule nisi denied.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.