102 So.2d 922

## C. O. WEAVER
v.
## Robert REYNOLDS and Ruby W. Reynolds.
### 8 Div. 301.

Court of Appeals of Alabama.

May 20, 1958.

———◆———

Hoyt Long, Guntersville, for appellant.

Smith & Moore, Guntersville, for appellees.

HARWOOD, Presiding Judge.

This is an attempted appeal from an order transferring a detinue suit to the equity side of the docket.

The order of transfer was made on motion of the defendants below, they asserting in their sworn motion that the property involved in the detinue suit was property awarded by divorce decree to the defendants and involved the support of minor children; that support of minor children is involved as an issue in the case, and can only be disposed of by a court of equity.

No demurrer was filed to the motion.

After a hearing on the motion the court entered the order of transfer.

This attempted appeal must be dismissed, since the order will not support an appeal.

As stated in Ballentine v. Bradley, 236 Ala. 326, 182 So. 399, 401:

"We have heretofore held that no appeal is allowed by Section 6490 (now Section 153, Title 13, Code of Alabama 1940) from orders transferring causes from the law docket to the equity docket of the court (and vice versa), that such orders are reviewable on appeal from the final judgment or decree in the cause. Therefore, inasmuch as the orders or decrees appealed from in this cause will not support an appeal, the appeal must be dismissed.

"However, when a case is transferred from the law docket of the circuit court, on motion of one of the parties, though the statute provides that the order transferring the case may be assigned as error on appeal from the final judgment or decree, it is the settled rule here, if the order is erroneous, that the aggrieved party may by mandamus have such order reviewed and corrected by this court, the remedy afforded by statute being deemed inadequate. Ex parte Holzer, supra [219 Ala. 431, 122 So. 421]; Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48."

Appeal dismissed.