120 So.2d 686

Ex parte NATIONAL UNION LIFE INSURANCE COMPANY.

6 Div. 519.

Supreme Court of Alabama.

May 19, 1960.

Henry Heller, Montgomery, and R. Macey Taylor, Birmingham, for petitioner.

Kingman Shelburne and W. E. Prescott, III, Birmingham, for respondent.

GOODWYN, Justice.

F. R. Ingram brought suit in the circuit court of Jefferson County against the National Union Life Insurance Company to recover damages for an alleged breach of contract. National Union moved to have the suit transferred to equity. Ingram's demurrer to the motion was sustained. National Union then filed here a petition for mandamus to be directed to the trial judge (Hon. J. Edgar Bowron) requiring him to set aside said order sustaining the demurrer and to enter an order overruling the demurrer and transferring the cause to equity. Mandamus is the proper method of reviewing the trial court's action. Ex parte Metropolitan Life Insurance Co., 266 Ala. 551, 553, 98 So.2d 20; Ex parte Stember, 262 Ala. 56, 57, 77 So.2d 351; Cannady v. Jinright, 253 Ala. 341, 343, 44 So. 2d 737; Ex parte R. A. Brown & Co., 240 Ala. 157, 160, 198 So. 138; Esslinger v. Spragins, 236 Ala. 508, 512, 183 So. 401; Jones v. Wright, 220 Ala. 406, 407, 125 So. 645; Ex parte Louisville & N. R. Co., 211 Ala. 531, 532, 100 So. 843.

The respondent has waived issuance of a rule nisi and has filed a demurrer to the petition and also an answer.

The essential and decisive question presented is whether the trial court erred in sustaining Ingram's demurrer. This depends upon whether the motion states the substance of an equitable right or defense available to National Union which should dispose of the cause and which cannot be disposed of in the law side of the court. Ingram's demurrer was the appropriate method of testing the sufficiency of the motion. Code 1940, Tit. 13, § 153; Ex parte R. A. Brown & Co., 240 Ala. 157, 160, 198 So. 138, supra.

We have held that "in order to require a judge at law to transfer a cause to equity under authority of Title 13, section 153, Code, the motion must * * * withstand such test as if it were an original bill seeking equity." Ex parte Metropolitan Life Insurance Co., 266 Ala. 551, 554, 98 So.2d 20, 21, supra; Ex parte Griffin, 243 Ala. 672, 11 So.2d 738; Ex parte R. A. Brown & Co., 240 Ala. 157, 198 So.

138, supra. It is our view that the motion does not meet such test.

The suit was originally brought against National Union and United Security Life Insurance Company. The original complaint consisted of Count 1. By amendments, United Security was stricken as a party defendant and the complaint was amended by striking Count 1 and adding Count 2. Count 2 is as follows:

"The Plaintiff claims of the Defendant One Hundred Thousand and no/100 ($100,000.00) Dollars damages for breach of contract for that, heretofore, to-wit:

"On November 1, 1954, and for more than twelve months prior thereto, the Plaintiff was employed by Service Life and Health Insurance Company with compensation fixed at ten (10) per centum of the gross receipts of Service Life and Health Insurance Company evidenced by copy of a General Agents Contract attached hereto and made a part hereof for all purposes, that on said date said General Agents Contract was transferred by the Plaintiff to National Union Life Insurance Company, a Corporation, in consideration of the promise on the part of National Union Life Insurance Company to pay to the Plaintiff remuneration based upon the premium receipts realized by National Union Life Insurance Company from the business transferred to National Union Life Insurance Company by Service Life and Health Insurance Company and from future increases of premium receipts realized by National Union Life Insurance Company from its Hospitalization Business in Alabama of not less than Two Hundred and no/100 ($200.-00) Dollars per month beginning November 1, 1954, and continuing for the period of Plaintiff's lifetime but in no event less than eight (8) years, and said contract being a part of an agreement wherein and whereby Service Life and Health Insurance Company,

a Corporation, reinsured and transferred to National Union Life Insurance Company all policies of insurance in force on the books of Service Life and Health Insurance Company on said date. Said agreements are in writing and executed under the seal of National Union Life Insurance Company and copies of same heretofore filed in this case are hereby made a part hereof for all purposes with the full legal effect as if same were herein set out in haec verba. National Union Life Insurance Company partly performed its obligations 'to F. R. Ingram under said contract by paying to F. R. Ingram the following:

$1,000.00 paid by National Union Life Insurance Company to F. R. Ingram by check received by F. R. Ingram on June 9, 1955.

$2,500.00 paid by National Union Life Insurance Company to F. R. Ingram by check received by F. R. Ingram on October 6, 1955.

"The Plaintiff further alleges that although he has complied with all of its provisions on his part the Defendant has failed to comply with the following provisions thereof, viz: That the Defendant has failed to pay the Plaintiff the sum of, to-wit: Not less than $200.00 per month as agreed upon for each month beginning on the First day of November, 1955, to the First day of January, 1959, being thirty-nine (39) monthly installments altogether which became due prior to the filing of this suit, together with the interest thereon."

We see no need to set out the several agreements referred to in and made a part of Count 2.

The original motion assigned the following as grounds for transferring the cause, to-wit:

"1. There is a different measure of liability, if any, for each of the defendants.

"2. The liability, if any, of the defendant, National Union Life Insurance Company, is limited only by paragraph numbered 1 of the Agreement so-called between National Union Life Insurance Company and F. R. Ingram dated November 1, 1954, which is attached to the Complaint and made a part thereof as an exhibit. Whereas, the liability, if any, of the defendant, United Security Life Insurance Company is restricted and limited to those policies of insurance purchased by United Security Life Insurance Company from National Union Life Insurance Company on, to-wit, February 1, 1957.

"3. In the event any defendant is liable to the plaintiff, said defendant would be liable to the plaintiff in different amounts of money.

"4. For that the plaintiff comes into this Court with un-clean hands.

"5. For that the plaintiff, by his own conduct, has negatived the existence of any obligation between the plaintiff and the defendant.

"6. For that the Contract which is the basis for the plaintiff's claim is ultra vires.

"7. For that the Contract which is the basis for the plaintiff's claim is contrary to the public policy of the State of Alabama.

"8. The defendant, United Security Life Insurance Company, has defenses to this action which are not available to the defendant, National Union Life Insurance Company.

"9. For that in said action, should plaintiff prevail against both defendants, the defendant, United Security Life Insurance Company, under an indemnifying agreement, would have certain equitable claims it would assert against the defendant, National Union Life Insurance Company.

"10. For that liability, if any, against the defendant, National Union Life Insurance Company, would be a condition precedent to liability against United Security Life Insurance Company, if any.

"11. For that in the event the plaintiff should prevail against both defendants, additional litigation would be necessary to determine the respective rights and liabilities of each defendant as between themselves if this cause remains on the Law side of the Court.

"12. For that all of the substantial defenses available to the defendants are equitable in nature."

The motion to transfer was amended "by adding thereto the following additional grounds", to-wit:

"1. For that the plaintiff's cause of action, if any he has, depends upon the construction of the language used by the parties in the alleged contract which is made the basis of the plaintiff's cause of action rather than on the literal language of said contract.

"2. For that the Plaintiff in his complaint, as amended, alleges as a basis for recovery matters and things not included as a part of the contract which is the alleged basis of plaintiff's right to recover against the defendant in the complaint as amended.

"3. For that on, to-wit, February 1, 1957, defendant, National Union Life Insurance Company, assigned the policies of insurance referred to in the Complaint to the United Security Life Insurance Company, hereinafter referred to as United; that since said date United has collected all premiums on said business; that unless said cause is transferred to equity, additional litigation will be necessary to establish the respective rights and liabilities of all persons who own or who have owned the policies of insurance referred to in the complaint.

"4. For that the plaintiff is asking for an accounting.

"5. For that the plaintiff must have an accounting from the defendant before the court can determine whether or not defendant is liable to plaintiff and if so, to what extent.

"6. For that the so-called General Agents Contract between F. R. Ingram and Service Life & Health Insurance Company, A Corporation, which is alleged to be the consideration for the contract sued as in this case, is void for the following reasons:

"a. It is contrary to public policy.

"b. It has not been approved by the Superintendent of Insurance of the State of Alabama.

"c. Said contract calls for an unauthorized diversion of premium income by an insurance company subject to the laws of Alabama.

"d. For aught that appears said contract was not authorized or ratified by the Board of Directors of Service Life.

"e. For aught that appears, the transfer of said contract was not authorized or ratified by the Board of Directors of National Union.

"Defendant further alleges that a construction of the aforesaid contract is necessary before the respective rights and liabilities of the parties can be fixed by the Court.

"7. For that the allegations of the complaint, as amended, to be proven, require a reformation of the contract which is made a basis of this action in that the plaintiff has alleged a basis for recovery different and in addition to the express terms and conditions of said contract.

"8. For that the claim of the plaintiff, if any he has, is barred by laches; this defendant cannot avail himself of said defense if this cause is not transferred to the Equity side of this court."

Among the grounds contained in Ingram's demurrer are the following:

That the allegations of the motion "are mere conclusions of the pleader and do not set out sufficient facts to support a ruling by the court."

That the motion "does not state an equitable right or defense entitling defendant to a transfer with the same precision and certainty in averment as is required to state such right in a bill in equity."

We think these grounds were good, justifying the sustaining of the demurrer. By this we do not mean to say that other grounds of the demurrer might not also be appropriate.

The writ of mandamus is due to be denied. So ordered.

Writ denied.

SIMPSON, MERRILL and COLEMAN, JJ., concur.