149 So.2d 260

### Ex parte GENERAL MOTORS CORPORATION.

#### 6 Div. 918.

Supreme Court of Alabama.

Jan. 10, 1963.

McEniry, McEniry & McEniry, Bessemer, for respondent.

Sydney Lavender and Deramus & Johnston, Birmingham, for petitioner.

LAWSON, Justice.

This is an original petition for writ of mandamus to require the Honorable Edward L. Ball, as Judge of the Circuit Court of the Tenth Judicial Circuit (Jefferson County), Bessemer Division, to vacate an order transferring the cause from the law side to the equity side of the court.

The respondent Judge has waived the issuance of a rule nisi and has filed an answer wherein he admits the truth of all averments of the petition for mandamus

**362**

except those to the effect that his order transferring the cause is erroneous.

■ We have held that mandamus is the proper remedy to review an order transferring the cause from the law side to the equity side of the court. Ex parte Porter, 271 Ala. 44, 122 So.2d 119, and cases cited. See Moore v. Carr, 224 Ala. 275, 139 So. 269.

The complaint was filed by A. J. Knight, Jr., as plaintiff, on October 18, 1961. The parties defendant at the time the motion to transfer was filed were Tom Gloor Chevrolet, a corporation; General Motors Corporation; and "X" corporation.

Knight's complaint consisted of two counts. Count 1 sought damages against the defendants for an alleged breach of warranty in a sale to Knight of a 1961 Chevrolet station wagon. Count 2 alleged that the plaintiff is entitled to recover certain sums allegedly paid to defendants, and others, by virtue of an alleged rescission of a sale contract by defendants. Plaintiff in Count 2 also sought damages for the two-week period when plaintiff allegedly delivered custody and control of the automobile to defendants for the purpose of correcting alleged defects in the vehicle.

On February 22 the defendant Tom Gloor Chevrolet, a corporation, filed its motion to transfer, which motion reads in pertinent parts as follows:

"Comes the Defendant, Tom Gloor Chevrolet, a corporation, and moves the court that said cause be transferred to the Chancery side of this said court and as grounds of said motion sets out and assigns as follows:

"1. That the Plaintiff has sued the Respondent, Tom Gloor Chevrolet, a corporation, and General Motors Corporation for breach of warranty in the sale of a 1961 Chevrolet Station Wagon;

"2. That should said cause proceed to trial on the Circuit side of said court,

it is doubtful under the law of Alabama that the Defendant, General Motors Corporation can be held liable therefor;

"3. That the Defendant, Tom Gloor Chevrolet, a corporation, did issue a warranty to the Plaintiff covering said car.

"4. That the Defendant, General Motors Corporation, did issue a warranty to the Defendant, Tom Gloor Chevrolet, a corporation, in the same or similar language on said car.

"5. That should the Plaintiff recover judgment against the Defendant, Tom Gloor Chevrolet, a corporation, it would then be necessary that another proceedings be taken by Tom Gloor Chevrolet, a corporation, against General Motors Corporation, to settle the then existing controversy between said Defendants under the warranty issued by General Motors Corporation to the Defendant, Tom Gloor Chevrolet, a corporation;

"6. That said controversy could only be settled by the filing of an additional lawsuit in said court;

"7. That by transferring said cause to the Chancery division of said court all equities and matters pertaining thereto could be settled in said lawsuit.

"PREMISES CONSIDERED WHEREFORE, the said Tom Gloor Chevrolet, a corporation, prays that upon a hearing of said motion said cause that it may be transferred as requested above."

The demurrer of General Motors Corporation to the motion to transfer was overruled and an order was entered transferring the cause to the equity side. This petition for writ of mandamus followed.

■ Demurrer was the appropriate method of testing the sufficiency of the motion to transfer. § 153, Title 13, Code 1940; Ex parte Metropolitan Life Insurance Co., 266 Ala. 551, 98 So.2d 20.

The demurrer should have been sustained for the reason that the motion was not verified "by the affidavit of some person having knowledge of the facts" as the statute contemplates. The demurrer pointed out that defect. § 153, Title 13, Code 1940; Briggs v. Prowell, 207 Ala. 629, 93 So. 590; Ellis v. Drake, 203 Ala. 457, 83 So. 281.

The removal of a cause from the law to the equity side of the docket (§ 153, Title 13, Code 1940) rests upon the assertion of an equitable right or defense, the decision of which would dispose of the cause, and which cannot be disposed of on the law side. Preuit v. Wallace, 238 Ala. 162, 189 So. 887.

While the statute (§ 153, Title 13, Code 1940) is remedial in character, it contemplates that the motion to transfer shall state the equitable right or defense asserted, with the same precision and certainty in averment as is required to state such right in a bill in equity. Ex parte Holzer, 219 Ala. 431, 122 So. 421; Ex parte National Union Life Ins. Co., 270 Ala. 578, 120 So.2d 686.

The motion to transfer here under consideration does not meet those requirements. It contains no averments going to show that movant has any equitable right or defense to the suit filed by A. J. Knight, Jr.

The averments to the effect that if Knight recovers against movant on the warranty issued by it, further litigation will be required to settle the respective rights of movant and General Motors Corporation because the latter issued a warranty to movant covering the automobile in question, are not sufficient to authorize the transfer. Ex parte National Union Life Ins. Co., supra.

For the reasons indicated, we hold that the court committed error in overruling the demurrer to the motion to transfer and in ordering the transfer of the cause to the equity docket of said court.

The writ of mandamus is therefore granted.

Writ granted.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.