196 So.2d 688

**Ex parte L. D. CURL.**

**8 Div. 204.**

Supreme Court of Alabama.

Feb. 23, 1967.

Horace E. Garth, Huntsville, for petitioner.

Smith, Johnston & Walker, Huntsville, for respondent.

GOODWYN, Justice.

This is an original petition for mandamus seeking the vacation of a judgment transferring a cause from the law side to the equity side of the circuit court of Madison County.

Petitioner, L. D. Curl, filed a detinue suit in statutory form against D. L. Putman. Code 1940, Tit. 7, § 223 (27). Putman filed a verified written motion to transfer the suit to equity. Code 1940, Tit. 13, § 153. Pursuant to § 153, Curl demurred to the motion to test its sufficiency and later, without waiving his demurrer, filed a controverting affidavit. After a hearing, and without ruling on the demurrer, the trial judge, respondent to the petition now before us, entered the following judgment:

"This case coming on to be heard upon the petition of the Defendant that said cause be transferred to equity *to determine whether or not there is an equitable question concerning reformation of an instrument;* said petition being a sworn petition and demurrers filed by the Plaintiff and said cause having been set down for hearing on the 11th day of March, 1965, and the Plaintiff having subsequently filed an affidavit and the Court having heard and considered same and all instruments filed in conjunction therewith is of the opinion that the petition or motion by the Defendant is well taken.

"It is therefore considered, ordered, adjudged and decreed by the Court that the petition or motion of the Defendant to have said cause *transferred to equity to determine whether or not an equitable question and defense is available to the Defendant* is granted and the Clerk of the Circuit Court of Madison County, Alabama, is directed to transfer all instruments and pleadings in said cause to the Register in Chancery." [Emphasis supplied].

Curl then filed the petition for mandamus now before us. This is the proper method of reviewing the order transferring the cause. See: Ex parte General Motors Corporation, 274 Ala. 360, 149 So.2d 260; Edge v. Bonner, 257 Ala. 385, 59 So.2d 683; Ballentine v. Bradley, 236 Ala. 326, 182 So. 399; Whitten v. Sheffield Land Co., 233 Ala. 580, 173 So. 48.

The respondent judge waived issuance of a rule nisi and filed the following answer (not on transcript paper), viz:

"1. That the facts as alleged in the Petition for a Writ of Mandamus filed in this Honorable Court are essentially correct as to the order of pleadings as filed in Case No. 13522, Circuit Court of Madison County, Alabama.

"2. That David R. Archer, as Judge of Circuit Court of Madison County, Alabama, denies the averments by the Petitioner, L. D. Curl, in his Petition for a Writ of Mandamus, that he as Circuit Judge of Madison County erroneously granted the motion of the Defendant D. L. Putman, in Case No. 13522, Circuit Court, Madison County, Alabama,

to transfer the cause to the Register in Chancery for proceedings on the equity side of the Circuit Court of Madison County, Alabama.

"3. That in support of the position of the said David R. Archer, Circuit Judge of Madison County, Alabama, in this matter a Brief on the Legal questions involved will be respectfully submitted for consideration by this Honorable Court."

■ The following from Wyatt v. Parrish, 255 Ala. 145, 147, 50 So.2d 424, 425, is also applicable here:

" * * * The alternative writ or rule nisi is not only process, but is pleading, and in strictness is the pleading to be answered by the respondent. Gainer v. Board of Education of Jefferson County, 250 Ala. 256, 33 So.2d 880. While the procedural law in mandamus was not strictly observed in respondent's answer or return, we will treat the answer in this case as a return to the rule nisi. Ex parte Milner, 250 Ala. 511, 35 So.2d 169."

Code 1940, Tit. 13, § 153, supra, prescribing proceedings for the transfer of a cause from the law side to the equity side of the court, is as follows:

"§ 153. Equitable defense; how interposed; proceedings on.—If an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, depends upon the assertion of an equitable right or defense by a party who is defendant of an intervening claimant in such suit at law, such party may assert such right or defense by a written motion filed in the cause, which shall state the substance of the equitable right or defense, and be verified by the affidavit of some person having knowledge of the facts, and the legal sufficiency of such motion may be tested by demurrer and the facts therein may be controverted by affidavit. If it satisfactorily appears to the judge hearing the same that

such motion and proof sufficiently assert and show an equitable right or defense, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, he shall so state in his judgment or decree and shall direct therein that the cause be transferred from the law side of the court to the equity side of the court, and the same shall thereupon be docketed and proceed in the equity side of the court."

Our conclusion is that the answer is insufficient for several reasons, and that the peremptory writ of mandamus is due to be granted.

■ In the first place, the respondent judge's answer is not on transcript paper as required by Supreme Court Rule 32, 261 Ala. XIX, XXXI; Recompiled Code 1958 (unofficial), Tit. 7, Appendix, p. 1172; Ex parte Geter, 141 Ala. 323, 37 So. 341. Next, the answer does not state a sufficient reason for not awarding the peremptory writ of mandamus and makes no finding, as required by § 153, Tit. 13, supra, that Putman's motion and the proof in support of it "sufficiently assert and show an equitable right or defense, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court."

■ We also entertain the view that the failure to rule on Curl's demurrer to Putman's motion to transfer the cause to equity (Code 1940, Tit. 13, § 153, supra) was error, calling for issuance of a writ directing that a ruling be made on the demurrer. It is to be noted that § 153 specifically provides that a motion to transfer "may be tested by demurrer." When there is a demurrer to a motion to transfer, the intent of § 153 is that the sufficiency of the motion, as challenged by the demurrer, should be determined by a ruling on the demurrer. Section 153 makes the testing of the legal sufficiency of the motion by de-

**574**

murrer an important step in the transfer proceedings.

 When the respondent judge waived issuance of the rule nisi "all the purposes of a rule to show cause" were accomplished. The Life and Fire Insurance Company of New York v. Christopher Adams, 9 Peters 571. In answering the rule nisi it was not sufficient simply to say, in effect, that he did not err in ordering the transfer of the cause to equity. Our view is that the answer to a rule nisi must state the equitable right or defense relied on, "the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court." Code 1940, Tit. 13, § 153, supra; Ex parte Headley, 275 Ala. 262, 154 So.2d 20. This does not mean, of course, that the trial judge should make a final decision on the merits as to the asserted equitable right or defense. Such final decision would come after the taking of evidence.

If the answer to a rule nisi is sufficient, the peremptory writ will be denied; and, if insufficient, the writ will be granted. Wyatt v. Parrish, 255 Ala. 145, 50 So.2d 424; Ex parte Montgomery, 247 Ala. 497, 25 So.2d 171.

Unless, upon receipt of this opinion by the respondent judge, the judgment transferring the cause to the equity side of the court is vacated, the original detinue action is restored to the law side of the court, and a ruling is made on the demurrer to the motion to transfer, a peremptory writ of mandamus, directing that such action be taken, will issue on request of the petitioner.

Writ of mandamus awarded conditionally.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.