237 So.2d 475

In re L. D. CURL

v.

D._L. PUTMAN.

Ex parte L. D. CURL.

8 Div. 267.

Supreme Court of Alabama.

July 2, 1970.

Horace E. Garth, Huntsville, for petitioner.

Smith, Johnston & Walker, Huntsville, for respondent.

LAWSON, Justice.

L. D. Curl filed a detinue suit in statutory form against D. L. Putman.—§ 223.-(27), Title 7, Code 1940. Putman filed a verified written motion to transfer the suit to equity.—§ 153, Title 13, Code 1940. Pursuant to said § 153, *supra,* Curl demurred to the motion to test its sufficiency and later, without waiving his demurrer, filed a controverting affidavit. After a hearing, without ruling on Curl's demurrer, the trial judge, the Honorable David R. Archer, granted Putman's motion to transfer the detinue suit to the equity docket.

Curl then filed in this court an original petition for writ of mandamus to issue to Judge Archer directing that he vacate the judgment transferring the detinue suit to the equity side of the court. Judge Archer waived the issuance of a rule nisi and filed his answer. We held the answer to be insufficient and ordered the issuance of a peremptory writ of mandamus unless, upon receipt of our opinion in the case (Ex parte L. D. Curl, 280 Ala. 571, 196 So.2d 688), Judge Archer entered orders vacating the judgment transferring the detinue suit to equity, restoring the detinue action to the law side of the court and ruling on

Curl's demurrer to Putman's motion to transfer.

After receipt of our opinion in Ex parte Curl, *supra*, Judge Archer vacated the judgment transferring the detinue suit to the equity side of the court and restored said suit to the law side.

Thereafter, Judge Archer overruled Curl's demurrer to Putman's verified motion to transfer and rendered another judgment again transferring the said detinue suit to the equity docket.

L. D. Curl has filed in this court another original petition for writ of mandamus to be issued to Judge Archer "* * * directing him to sustain the demurrer to the motion to transfer the cause to equity, and directing him to order the cause retransferred to the law side of said Circuit Court; directing him to set aside his order, judgment or decree transferring said cause to equity, and to re-transfer the same back to the law side of said Court; * * *"

Judge Archer has again waived the issuance of a rule nisi and has again filed his answer.

■ Mandamus is the proper remedy to review an order transferring a cause from the law side to the equity side of the court. —Ex parte Porter, 271 Ala. 44, 122 So.2d 119, and cases cited.

■ The removal of a cause from the law to the equity side of the docket (§ 153, Title 13, Code 1940), rests upon the assertion of an equitable right or defense, the decision of which would dispose of the cause, and which cannot be disposed of on the law side.—Preuit v. Wallace, 238 Ala. 162, 189 So. 887.

■ While we have repeatedly held that § 153, Title 13, Code 1940, is remedial in character and must be given a liberal construction to effectuate the purpose for which it was enacted, yet we have just as often held that said section contemplates and requires that the "motion shall state

the equitable right or defense asserted, with the same precision and certainty in averment as is required to state such right in a bill in equity. If this was not so, the court, in passing on a demurrer to the motion, would be without rule, compass, or guide to determine whether or not the averments are sufficient."—Ex parte Holzer, 219 Ala. 431, 433, 122 So. 421; Ballentine v. Bradley, 236 Ala. 326, 182 So. 399; Ex parte National Union Life Ins. Co., 270 Ala. 578, 120 So.2d 686; Ex parte General Motors Corp., 274 Ala. 360, 149 So.2d 260.

In order to require a judgment at law to transfer a cause to equity under § 153, *supra*, the motion must not only withstand such test as if it were an original bill seeking equity, but two other conditions must appear as required by the statute: (1) The equitable right or defense must be sufficient to dispose of the cause, and (2) it cannot have that effect on the law side of the court.

■ Demurrer was the appropriate method of testing the sufficiency of the motion to transfer.—§ 153, Title 13, Code 1940; Ex parte Metropolitan Life Ins. Co., 266 Ala. 551, 98 So.2d 20; Ex parte General Motors Corp., *supra*.

On October 14, 1964, A. W. Gibson Construction Company, Inc., sometimes hereinafter referred to as the Gibson Company, executed an instrument in the form of a promissory note and a chattel mortgage. In that instrument, the Gibson Company promised to pay to L. D. Curl, on demand, the sum of $18,684.84, with interest at the rate of six per cent per annum from date. To secure the payment of that sum to Curl, the Gibson Company mortgaged two pieces of heavy road equipment, but the said note-chattel mortgage contained the following provision:

"* * * it being understood, however, that this is a second mortgage, inferior to a certain mortgage this date executed by the undersigned [the Gibson Company], or which will be executed

within one week of the date hereof, in favor of The Farmers and Merchants Bank in the principal amount of Ten Thousand ($10,000.00) Dollars."

The said note-chattel mortgage was filed for record in the office of the Judge of Probate of Madison County on October 15, 1964.

The Gibson Company did not execute a mortgage to the Farmers and Merchants Bank on October 14, 1964, or within one week from that date.

On October 16, 1964, A. W. Gibson, the President of the Gibson Company, executed a chattel mortgage to D. L. Putman, which mortgage covered the same pieces of heavy road equipment described in the note-chattel mortgage executed by the Gibson Company to L. D. Curl on October 14, 1964.

The mortgage from A. W. Gibson to Putman was duly recorded. On December 10, 1964, the Gibson Company executed to D. L. Putman what is referred to as a correction mortgage. This correction mortgage, filed for record on December 10, 1964, was apparently executed because the mortgage of October 16, 1964, was executed by A. W. Gibson rather than by the Gibson Company, which claimed ownership of the chattels, the two pieces of road equipment covered in each of the aforementioned chattel mortgages.

In January of 1965 a notice was published in a daily newspaper in Huntsville wherein D. L. Putman advertised a mortgage foreclosure sale of certain chattels, which included the two pieces of heavy road equipment embraced in the note-chattel mortgage executed by the Gibson Company to L. D. Curl on October 14, 1964. After observing the aforementioned notice of mortgage foreclosure, Curl made a demand upon the Gibson Company for payment of the sum of money evidenced and secured by the note-chattel mortgage under date of October 14, 1964. There being no response to that demand, Curl instituted his detinue suit against Putman, who had taken possession of the aforementioned pieces of heavy road equipment as the mortgagee in the mortgage which A. W. Gibson had executed to him on October 16, 1964, and under the so-called correction mortgage which the Gibson Company had executed to him on December 10, 1964.

The motion as written is not a model of perspicuity; in fact, we are not at all certain just what the pleader had in mind when he prepared it. It seems to us that the drafter of the motion probably intended to seek the transfer of the detinue suit to the equity side of the court in order to reform the mortgage which the Gibson Company executed to L. D. Curl on October 14, 1964, so as to show that mortgage to be inferior to the mortgages held by Putman. If such was the intention of the drafter, the motion could not have accomplished that purpose because it does not contain that particularity of averment which is required by a court of equity to assume jurisdiction to reform written instruments. See Ballentine v. Bradley, *supra*. The only mistake alleged in the motion was that of A. W. Gibson, acting for the Gibson Company, and that would not authorize reformation because mutuality of mistake is not made to appear.—Ballentine v. Bradley, *supra*.

We may well be mistaken in assuming that the drafter of the motion to transfer to equity intended for equity to assume jurisdiction to reform the Curl mortgage so as to show that it was to be inferior to a mortgage or mortgages to be executed to Putman rather than to the Farmers and Merchants Bank. We make this observation because the drafter of the motion to transfer also prepared the answer which Judge Archer filed in this court where it is averred, among other things, as follows:

"3. That the equitable rights or defenses relied upon are as follows:

"a. That a mortgage given to secure unpaid purchase money simultaneously with a conveyance of the property, and as a part of the same transaction, takes

precedence over all other claims and liens of every kind against the mortgagor to the extent of the property sold; that the purchase money theory of priority applies in the case of chattels.

"b. Where debts or claims against property are paid in good faith by another upon the express or implied request of the owner of the property, the one so paying is entitled to an equitable lien on the property for his reimbursement.

"c. Where two chattel mortgages are about to be made, and all the parties are acquainted with the consideration of both mortgages, and with this knowledge it is agreed that one shall have priority, it does not lie with the mortgagee who has agreed with the priority of the other to dispute its validity, because of certain errors or inconsistencies in the mortgage or because of any reasons for the giving of the mortgage security, where the inferior mortgagee by agreement was not misled by the recitation in the mortgage."

The averments of the motion to transfer upon which the movant, Putman, must rely read as follows:

"That the Defendant, D. L. Putman, would show that at the time the chattel mortgage was made by A. W. Gibson Construction Company, Inc., a corporation, to L. D. Curl, that the said A. W. Gibson, the owner of the stock of the A. W. Gibson Construction Company, Inc., was negotiating with the Farmers & Merchants Bank of Madison, Alabama, for a loan in the amount of approximately $10,000.00, and intended to give as security a chattel mortgage to the said Bank on the above described personal property; however, after said loan had been approved at the said Bank, the said D. L. Putman, being an Officer on the Board of Directors of said Bank, did not deem the loan as safe and secure as it should have been for a banking institution to make, and instead of the Bank making the loan, which said loan had

been approved at the Bank, the said D. L. Putman individually loaned the amount of $10,000.00 to the said A. W. Gibson Construction Company, Inc., a corporation, for which the above chattel mortgage was given by the A. W. Gibson Construction Company, Inc., to the said D. L. Putman. That further the Defendant, D. L. Putman would show that unless the above set out mistake and error is corrected that he will suffer irreparable harm by losing his security as given under the mortgage by A. W. Gibson Construction Company, Inc., to the said D. L. Putman.

"That the Defendant, D. L. Putman, would further show unto this Court that the funds which were lent to the said A. W. Gibson Construction Company, Inc., for which the above said mortgage was given as security, went directly to the A. W. Gibson Construction Company, Inc. and the Thompson Tractor Co., Inc.; that a portion of said funds, towit, $7,-116.32 went directly to the Thompson Tractor Co., Inc., to pay off in full a Conditional Sale Contract dated February 21, 1964, covering one Caterpillar D7 Tractor, Serial Number 7M4714 W/7S Blade and 23 CCU, and a Conditional Sale Contract dated January 15, 1964, covering one Caterpillar 955 Traxcavator, Serial Number 12A5036; that the balance of said loan made by D. L. Putman to the A. W. Gibson Construction Company, Inc., for which the above set out chattel mortgage was given to the said D. L. Putman, went to pay the payroll of the said A. W. Gibson Construction Company, Inc.

"That the Defendant, D. L. Putman, would further show that the said A. W. Gibson Construction Company, Inc., a corporation, fully intended to give a first mortgage on said personal property to the said D. L. Putman and, for that reason, asked the said D. L. Putman to pay off the Thompson Tractor Company, Inc., especially for that purpose, which the said D. L. Putman did. Copies of

said Bank Money Order and copies of said Conditional Sale Contracts are marked Exhibit 'A', attached hereto and made a part hereof as if fully set out herein.

"That the Defendant, D. L. Putman, would show that at no time did the said A. W. Gibson Construction Company, Inc. intend that the mortgage given to the said L. D. Curl by the said A. W. Gibson Construction Company, Inc., a corporation, be prior and superior in any way to the mortgage given by the said A. W. Gibson Construction Company, Inc., to D. L. Putman; that it was only through error and mistake on the part of the said A. W. Gibson, acting for the A. W. Gibson Construction Company, Inc., a corporation, that said mortgage set up the Farmers & Merchants Bank of Madison, Alabama as the prior mortgagee instead of D. L. Putman;

"That there is no adequate remedy at law for the Defendant, D. L. Putman, to present the equitable questions as set out above."

We are not inclined to attempt to relate the above-quoted averments to the three so-called equitable principles upon which the trial judge has relied in support of his action transferring the detinue suit to the equity side of the court. We deem it sufficient to say that in our opinion those averments of the motion to transfer do not state any equitable right or defense with such precision and certainty of averment as would be necessary in a bill in equity.

We hold, therefore, that the trial court erred in not sustaining Curl's demurrer interposed to the motion to transfer to equity which was filed by Putman, the defendant in the detinue action.

Unless upon receipt of the opinion by the respondent Judge, a judgment is entered sustaining the demurrer to the motion to transfer and a judgment is entered re-transferring the detinue suit to the law side of the court, a peremptory writ of mandamus, directing that such action be taken, will issue on request of the petitioner, Curl.

Writ of mandamus awarded conditionally.

LIVINGSTON, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.