Giles appeals from the summary dismissal of his pro se petition for writ of habeas corpus challenging the legality of his imprisonment.
Appellant's pro se petition alleges that he was convicted of robbery in the Circuit Court of Jefferson County in June of 1976 and sentenced to fifteen years' imprisonment. *Page 1064 
Subsequently, in November of 1976, appellant was convicted of kidnapping in the same court and sentenced to five years' imprisonment to run consecutive to the robbery sentence. An appeal was taken from the robbery conviction, which was affirmed without opinion by this court on February 20, 1979.
Appellant maintains that on January 20, 1978, he was released from the state prison system. Appellant remained at liberty until August 1982, at which time he was arrested and returned to the state prison system to serve the fifteen-year sentence. Appellant claims no fault can be attributed to him for his untimely release, although he alleges that "[i]n an attempt to cover the error the Department of Correction[s] contended that Giles had been released on bond/appeal," and further he contends that no record of such bond exists.
It is appellant's position that he is "entitled to full credit against any unexpired portion of his sentence for the time during which he was at liberty following his erroneous release." Green v. Christiansen, 732 F.2d 1397, 1399 (9th Cir. 1984). Appellant argues that this period of four years, seven months, and one day, plus accumulated good time credit, entitles appellant to immediate release.
The State's brief does not respond to the allegations raised in appellant's petition. The State offers no facts which contradict those set out in the petition. Therefore, the unrefuted facts set out in the petition must be taken as true.Ex parte Floyd, 457 So.2d 961 (Ala. 1984); Williams v. State,461 So.2d 1335 (Ala.Crim.App. 1984); Vaughan v. State,415 So.2d 1231 (Ala.Crim.App. 1982). The writ of habeas corpus properly lies where a party is entitled to discharge from a state prison. See Ala. Code (1975), § 15-21-24 (2); Canada v.State, 429 So.2d 1127, 1129 (Ala.Crim.App. 1982).
In Hartley v. State, 50 Ala. App. 414, 279 So.2d 585, 588
(1973), then-judge Almon quoted with approval the holding ofWhite v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930), wherein it is stated:
 "It is our conclusion that where a prisoner is discharged from a penal institution, without any contributing fault on his part, and without violation of conditions of parole, that his sentence continues to run while he is at liberty. . . . As to whether a prisoner, who knows a mistake is being made and says nothing, is at fault, we do not now consider." (Emphasis added.)
In both Hartley and White, the defendant questioned the propriety of his untimely release and was unquestionably without fault in the granting of his release. Where, however, the defendant has secured his liberty through some illegal or void means, or where he has been instrumental in obtaining the release for his own benefit, the release has been treated as an escape and credit for time at liberty has not been granted. SeeHopkins v. North, 151 Md. 553, 135 A. 367, 49 A.L.R. 1303
(1926); Ex parte Philbrook, 121 Neb. 421, 237 N.W. 391 (1931);O'Malley v. Hiatt, 74 F. Supp. 44 (M.D.Pa. 1947).
Appellant's unchallenged petition is meritorious on its face in view of Hartley, supra; therefore he is entitled to habeas corpus relief if the asserted matters are true. The trial court should not have dismissed the petition without a hearing on the merits to ascertain facts sufficient to apply the rule stated in Hartley, supra.
For the foregoing reasons, we conclude that the trial court erred in summarily granting the State's motion to dismiss the petition.
Therefore, the trial court's judgment dismissing appellant's petition is hereby set aside and vacated and this cause is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur. *Page 1065