This is an appeal from the denial of a petition for writ of habeas corpus. The only issue presented is whether a person sentenced to imprisonment under Alabama Code 1975, § 15-18-8
(as amended 1985), the so-called "Split Sentence Act," is eligible to receive "good time" under the Alabama Correctional Incentive Time Act (ACIT Act), Alabama Code 1975, §§ 14-9-40 to -44 (adopted 1980).
On April 25, 1986, appellant was found guilty and was sentenced to terms of imprisonment in three cases by the Circuit Court of Montgomery County. Two of the cases involved the sale of narcotics, and in each of those cases he was sentenced under the Split Sentence Act to five years' imprisonment in each of those cases, but it was ordered that he serve only three years in the penitentiary and that he be placed on probation for the remaining two years in each case. In the third case, he was found guilty of trafficking in marijuana and was ordered to serve three years in the penitentiary. The trial court ordered that all three sentences run concurrently.
There is no factual dispute. If appellant is entitled under the law to incentive good time credit, he would have completed serving his sentences on July 17, 1987, and would be entitled to immediate release. If he is not entitled to incentive good time credit, he will complete the service of his sentences on April 23, 1989, and thus, would not be entitled to immediate release. We note that the trial judge ordered appellant's release on bond from the penitentiary, pending the outcome of this appeal.
Appellant, in arguing that he is entitled to incentive good time credit, principally relies on our opinion in Roberts v.State, 482 So.2d 1293 (Ala.Cr.App. 1986), where we addressed an almost identical issue. In Roberts, the Department of Corrections refused to apply the provisions of the ACIT Act to an inmate sentenced to mandatory terms under the drug trafficking statute (§ 20-2-80(2)(a), Code of Alabama (1975)). Applying well-recognized rules of statutory construction, we held in Roberts that the Trafficking Act does not prohibit an individual convicted under its provisions from a deduction from sentence for incentive good time under the ACIT Act. We findRoberts analogous to the instant case, and persuasive. Section15-18-8, the Split Sentence Act, does not mention incentive good time and does not exclude the operation of the ACIT Act. The Split Sentence Act was amended and re-enacted September 24, 1985 (1985 Ala. Acts, Act 85-905), well after the ACIT Act became law on May 19, 1980 (1980 Ala. Acts, Act 80-446). It must be assumed that the legislature knew of the provisions of the ACIT Act at the time it passed the Split Sentence Act. We do not read the Split Sentence Act to require that every person sentenced to imprisonment under it actually serve the entire sentence pronounced by the trial court without regard to the incentive good time statute. It appears to us that if the legislature had intended that to be the case, it would have so provided in the statute.
We apply here the general rules of statutory construction and the reasoning we applied in Roberts, and conclude that appellant is entitled to incentive good time under the ACIT Act, even though he has been sentenced under the Split Sentence Act. We hold that the legislature, in enacting the Split Sentence Act, did not intend that a person sentenced under the Act could not have the benefits of incentive good time. Hence, we reverse the judgment and remand this case to the trial court with instructions to set aside its order denying the writ of habeas corpus, to enter an appropriate order granting the writ, and to order that appellant be given credit for the incentive good time he has earned and that he be immediately released from custody. Due return should be made to this court of such action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur. *Page 229