This is an appeal from the denial of a petition for writ of habeas corpus in which the petitioner claims that he is entitled to incentive good time credit.
In his petition, Thomas alleges that, on February 27, 1987, he was sentenced to 15 years' imprisonment for robbery. That sentence was "split" with 3 years to be served in the penitentiary and 5 years on probation. He maintains that he is entitled to good time under the Alabama Correctional Incentive Time Act (ACIT Act). Alabama Code 1975, § 14-9-40 through §14-9-44. We disagree.
Alabama Code 1975, § 15-18-8(a)(1), authorizes a sentencing judge to "split" a defendant's sentence:
 "(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less . . . the judge presiding . . . may order:
 "(1) That the convicted defendant be confined in prison . . . for a period not exceeding three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best, . . ."
* * * * * *
 "(g) No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to deductions from his sentence under the Alabama Correctional Incentive Time Act, during the minimum period of *Page 876 
confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period."
Since the petitioner received a sentence of 10 or more years, he is not entitled to CIT, even though that sentence was split so that he has only 3 years' confinement.
The Alabama Correctional Incentive Time Act authorizes "good time" and is found in Alabama Code 1975, § 14-9-40 through §14-9-44. Section 14-9-41 provides in pertinent part:
 "(a) Each prisoner who shall hereafter be convicted of any offense against the laws of the state of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article may be entitled to earn a deduction from the term of his sentence . . ."
* * * * * *
 "(e) Provided, however, no person may receive the benefits of correctional incentive time if he or she has been convicted of a Class A felony or has been sentenced to life, or death, or who has received a sentence for 10 years or more in the state penitentiary . . ."
Thomas argues that § 14-9-41 entitles a prisoner to receive good time credit so long as his sentence to actual incarceration does not exceed 10 years. We disagree.
Section 14-9-41(e) specifically excepts from eligibility for good time any person "who has received a sentence for 10 years or more in the state penitentiary." The petitioner construes the phrase "a sentence for 10 years or more in the state penitentiary" to mean a sentence of 10 years' actual confinement in the penitentiary.
The petitioner's construction of § 14-9-41(e) is at odds with the legal meaning of the phrase "sentence of imprisonment in the state penitentiary," and with the legislative intent of the ACIT Act.
Alabama Code 1975, § 13A-5-6, states that "sentences for felonies shall be for a definite term of imprisonment. . . ." (Emphasis added.) Section 13A-5-8 states that "[t]he place of imprisonment for sentences imposed in this state shall be as established elsewhere by law." Section 15-18-1(a), Code of Alabama 1975, provides the following:
 "The only legal punishments, besides removal from office and disqualification to hold office, are fines, hard labor for the county, imprisonment in the county jail, imprisonment in the penitentiary, which includes hard labor for the state, and death by electrocution." (Emphasis added.)
"Section 15-18-1, which specifies legal punishments and where they are to be served is still law. . . ." Alabama Code, §§13A-5-6 through 13A-5-8 (Commentary at 106).
The legal punishment the petitioner received in this case was 15 years' imprisonment in the penitentiary. The fact that the trial judge split the petitioner's sentence and ordered him to be confined for only 3 years with the execution of the 12 years remaining on his sentence suspended does not change his sentence to one of only 3 years' imprisonment. The petitioner still received a sentence of 15 years' imprisonment in the penitentiary despite the fact that the execution of 12 years of that sentence has been conditionally suspended.
Contrary to the petitioner's implication, the terms "sentence of imprisonment in the penitentiary" and "confinement," as used in the Split Sentence and ACIT Acts, are not interchangeable. As §§ 13A-5-6 and 15-18-1 make it clear, all legal sentences for felonies are sentences to "imprisonment in the penitentiary." The fact that some sentences "to imprisonment" may be suspended or probated relates only to the terms of theirexecution and not to their basic definitional nature as sentences to imprisonment in the penitentiary.
The petitioner assumes that a 15-year sentence, split into a 3-year term of confinement *Page 877 
and a 12-year term of probation, is only a 3-year sentence of imprisonment and a 12-year sentence of non-imprisonment. The fact that the entire sentence is one "of imprisonment," albeit probated, however, is made clear by the specific wording of the Split Sentence Act. Section 15-18-8(a) provides that a sentence may be split only after "a defendant is convicted of an offense and receives a sentence of 15 years or less." (Emphasis added.) Section 15-18-8(b) provides:
 "Probation may be granted whether the offense is punishable by both fine and imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. . . ."
The emphasized portions of § 15-18-8 indicate the legislature's understanding that a sentence does not lose its definitional quality as one "of imprisonment" even though it has been split, suspended, or probated.
The terms "confinement" and "sentence of imprisonment" are not synonymous. Section 14-9-41(a) contains the phrase "confined . . . in the penitentiary" in reference to those eligible for its benefits, and § 14-9-41(e) contains the phrase "received a sentence for 10 years or more in the state penitentiary" in reference to those ineligible for its benefits. "Confinement" is an obvious prerequisite for good time eligibility under § 14-9-41(a). It does not follow, however, that the exception to eligibility in § 14-9-41(e) is 10 years' actual confinement. In subsection (e), the legislature used the term "[any convict] who has received a sentence of 10 years or more in the state penitentiary" to describe those who are ineligible for good time. "Has received" is past tense and denotes the original sentence imposed upon conviction. A sentence of "10 years or more in the state penitentiary" is not equivalent to being "confined under a sentence of 10 years," especially when read in light of the other exception in subsection (e), which excludes from earning good time those convicts who have been convicted of a Class A felony. The minimum sentence for a Class A felony is 10 years, Alabama Code 1975, § 13A-5-6. Class A felons may have their sentences split under § 15-18-8 or suspended under § 15-22-50, thus resulting in a term of confinement of less than 10 years, yet they are still ineligible for good time because the legislature obviously deemed the nature of their offenses too serious to merit the benefits of good time sentence reduction. It is reasonable to assume that the legislature also concluded that anyone who received a sentence in the Class A felony range would also not merit beneficial treatment.
This interpretation of and distinction between the terms "confinement" and "sentence" are reasonable and in accordance with the fundamental rule of statutory construction that "[w]ords used in the statute must be given their natural, plain, ordinary, and commonly understood meaning." Alabama FarmBureau Mutual Casualty Ins. Co. v. City of Hartselle,460 So.2d 1219, 1223 (Ala. 1984). The term "sentence" means: "The judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." Black's LawDictionary 1222 (rev. 5th ed. 1979). The term "confinement" means: "State of being confined; shut-in; imprisoned." Black's
at 270.
In Thomas v. State, 520 So.2d 227 (Ala.Cr.App. 1987), this Court held that a convict, whose sentence to 5 years' imprisonment was split so that he only had to serve 3 years in the penitentiary, was entitled to good time under the ACIT Act, "even though he has been sentenced under the Split Sentence Act." This Court held "that the legislature, in enacting the Split Sentence Act, did not intend that a person sentenced under the Act could not have the benefits of incentive good time." Thomas, 520 So.2d at 228. The holding of Thomas does not apply in this case because the petitioner was never eligible for CIT because he received a 15-year sentence. § 14-9-41(e).
Moreover, the Split Sentence Act was amended, effective April 7, 1988, after the Thomas decision, to specifically exclude the operation of the ACIT Act to a convict *Page 878 
serving a minimum term of confinement under a split sentence even where the convict's sentence before it was split was less than 10 years. § 14-9-41(e).
The fact that Thomas's 15-year sentence may have been suspended in its execution in no way alters its basic definition as a sentence of imprisonment for 15 years in the penitentiary. Because Thomas's 15-year sentence placed him within the § 14-9-41(e) exception, he was not entitled to good time deductions. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.