McMILLAN, Judge.
This is an appeal from the summary denial of the appellant’s Rule 20, Temp.Ala.R. Crim.P., petition.
In November 1987, pursuant to his guilty plea, the appellant was convicted of escape in the second degree, in violation of § 13A-10-32, Code of Alabama (1975). The appellant was sentenced under the Split Sentence Act to a term of 15 years’ imprisonment, with one year to be served in incarceration and five years to be served on probation. This sentence was to run concurrently with that being served by the appellant in case number CC-83-620.
In April 1989, the appellant filed this Rule 20 petition,[1] alleging that, in accordance with the sentence imposed on him on November 10, 1987, he should have been released from incarceration as of November 10, 1988. The trial court dismissed appellant’s petition on the ground that, pursuant to Temp. Rule 20.2(c), A.R.Crim.P., the limitations period had lapsed, thereby barring the petition from consideration by the court.
The appellant contends that the trial court erred in dismissing his petition based on the limitations provision of Temp. Rule 20.2(c) and that the judgment of that court is thus due to be reversed. Without conceding the validity of the appellant’s grounds for relief from the underlying judgment, the State acknowledges that the present petition was filed before the limitations period had run and requests that this cause be remanded. The judgment of the trial court is due to be reversed, and this case remanded for further consideration by that court.
REVERSED AND REMANDED.
All the Judges concur.

. Although the appellant styles his petition as being made under the authority of Temp. Rule 20, A.R.Crim.P., we note that the relief being sought is available by petition for writ of habeas corpus. Giles v. State, 462 So.2d 1063 (Ala.Cr.App.1985).