JAMES H. FAULKNER, Retired Justice.
Ronnie Wayne Thrower pleaded guilty to manslaughter on September 25, 1989. He was sentenced to serve nine and one-half years in the state penitentiary. The sentence was split, with two years to be served in the Marshall County jail and five years on probation.
Thrower did not begin to serve his sentence in the county jail until October 25, 1989. On October 25,1990, Thrower filed a petition for writ of habeas corpus in the Circuit Court for Marshall County. Thrower asserted that he was entitled to good time under the Alabama Correctional Incentive Time Act, § 14-9-40 through 14-9-44, Code of Alabama 1975 (“the ACIT Act”). Thrower cites Thomas v. State, 520 So.2d 227 (Ala.Cr.App.1987), as authority for the proposition that good time should be given in the split sentence under § 15-18-8(a)(l) and (g), Code of Alabama 1975.
The trial court denied the habeas corpus petition. We agree with the court’s order and affirm.
Section 15-18-8(g) was amended in 1988. See Acts of Alabama, 1988, Act No. 88-163, p. 261, § 1. This statute provides that a defendant shall not be entitled to good time under a split sentence during the minimum period of confinement. In the instant case, Thrower is not entitled to good time during the two-year sentence.
This court held in Thomas v. State, 552 So.2d 875 (Ala.Cr.App.1989), that the Split *117 Sentence Act was amended after this court’s decision in Thomas v. State, 520 So.2d 227 (Ala.Cr.App.), aff’d, Ex parte Otts, 552 So.2d 878 (Ala.1989) to specifically exclude the operation of the ACIT Act to a convict serving a minimum term of confinement under a split sentence even where , the sentence was less than 10 years before the split.
The order of the trial court denying the petition for writ of habeas corpus is affirmed.
The foregoing opinion was prepared by JAMES H. FAULKNER, a Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED.
All the Judges concur.