BOWEN, Judge.
The petitioner filed a petition for writ of habeas corpus, alleging that his indictment for first degree robbery was fatally defective because the affidavit in support of the arrest warrant charged only robbery in the second degree. The circuit court properly treated the habeas corpus petition as a petition for post-conviction relief.
“For the writ [of habeas corpus] to apply, the judgment under which the convicted person is held must be void on its face; parol evidence can not be introduced to establish procedural or substantive errors that may have occurred. ‘Where the court proceeding and the conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, and no invalidity appears on the face of the proceedings, the petition for the release of the prisoner in a habeas corpus proceeding is properly denied.’ ”
Postconviction Remedies in Alabama, 29 Ala.L.Rev. 617, 623 (1978) (footnotes omitted). An appropriate ground for post-conviction relief under Rule 32.1, A.R.Crim.P., is that “[t]he court was without jurisdiction to render judgment or to impose sentence.” Rule 32.4 provides, in pertinent portion: “A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule.”
Furthermore, the appellant gave notice of appeal from the “order and judgment [of the Circuit Court of Elmore County] entered in the above cause on May 20, 1991, transferring the petition for writ of habeas corpus to Tuscaloosa Circuit Court.” The order of a court transferring a petition to another court is a nonap-pealable order. “The general view is that ordinarily an order transferring, on the ground of lack of jurisdiction in the trans- *938 feror court, a cause from one state court to another, is not appealable.” Annot. 78 A.L.R.2d 1204, 1207 (1961). See also Ex parte National Union Life Ins. Co., 270 Ala. 578, 579, 120 So.2d 686 (1960) (mandamus is the proper method of reviewing trial court’s action in sustaining demurrer to motion to have suit transferred to equity); Wesley v. State, 61 Ala. 282, 285 (1878) (“It is settled here, that no appeal lies for the refusal by the primary court, to order a change of venue in a criminal cause”) (emphasis omitted).
Therefore, this appeal is dismissed.
APPEAL DISMISSED.
All Judges concur.