SHORES, Justice.
Ronnie Wayne Thrower petitioned the circuit court for the writ of habeas corpus, contending that he was entitled to incentive “good time” credit. The circuit court denied his petition, and the Court of Criminal Appeals affirmed. 591 So.2d 116. This Court has granted certiorari review.
On September 25, 1989, Thrower pleaded guilty in the Circuit Court of Marshall County, Alabama, to manslaughter occurring on February 11, 1987. He was sentenced to nine and one-half years in the state penitentiary. That sentence was “split,” with two years to be served in the Marshall County jail followed by five years on probation. Thrower began serving his sentence on October 25, 1989.
On October 3, 1990, Thrower filed a petition for the writ of habeas corpus in the Circuit Court of Marshall County, alleging that he was eligible to receive good time credit under the Alabama Correctional Incentive Time Act (ACIT Act), Alabama Code 1975, § 14-9-40 through § 14-9-44. Section 14-9-41 provides in pertinent part:
*118 “(a) Each prisoner who shall hereafter be convicted of any offense against the laws of the state of Alabama and is confined, in execution of the judgment or sentence upon any conviction, in the penitentiary or at hard labor for the county or in any municipal jail for a definite or indeterminate term, other than for life, whose record of conduct shows that he has faithfully observed the rules for a period of time to be specified by this article may be entitled to earn a deduction from the term of his sentence....”
The Marshall County sheriff, Walter Colbert, filed a return asserting that the granting of good time credit was discretionary and was not a substantive right. Colbert also asserted that the Alabama Split Sentence Act, § 15-18-8(g), Ala.Code 1975, provides that no good time credit is allowed to an inmate serving the minimum term of confinement under a split sentence; this contention is based on Thomas v. State, 552 So.2d 875, 877-78 (Ala.Cr.App.1989).
The Alabama legislature amended § 15-18-8, on April 7, 1988, to include a new subsection (g), which provides that an inmate serving a split sentence is not entitled to good time credit. Thrower argued that § 15-18-8(g) of the Split Sentence Act, if applied to him, is an ex post facto law and thus violates his constitutional guarantees.
The trial court held a hearing on Thrower’s petition for the writ of habeas corpus on October 25, 1990; the trial court agreed with Thrower’s position that the imposition of § 15-18-8(g) to Thrower would be ex post facto. The trial court applied the Split Sentence Act as it had existed before the 1988 amendment; before that amendment that Act had been interpreted to mean that an inmate serving a split sentence, with a portion of the sentence to be served in a penitentiary, followed by probation, was entitled to receive good time credit. Thomas v. State, 520 So.2d 227 (Ala.Cr.App.1987).
However, the trial court found that Thrower was, nevertheless, not entitled to the good time deductions and gave two reasons for denying his petition. The first reason was the wording of § 14-9-41, which provides that “Each prisoner ... convicted ... and ... confined ... in the penitentiary or at hard labor for the county” is eligible for good time. Thrower was sentenced to two years in the county jail, but not at hard labor; imprisonment in the county jail and hard labor for the county are separate punishments. Ala.Code 1975, § 15-18-1.
The trial court’s second reason was that § 14-9-41 provides that the prisoner “may be entitled to earn a deduction.” The trial court stated that this section “appears to be other than mandatory,” and noted that Sheriff Colbert testified that he had never allowed good time credits to an inmate serving a split sentence.
On April 11, 1991, the Court of Criminal Appeals affirmed the trial court’s judgment, but its reasoning was different. The Court of Criminal Appeals relied on § 15-18-8(g) and Thomas v. State, 552 So.2d 875 (Ala.Cr.App.1989). Its opinion stated that the 1988 amendment to the Split Sentence Act prevented Thrower from receiving good time credit under a split sentence during the minimum confinement period.
Thrower argues to this Court that the application of § 15-18-8(g) was an ex post facto law and thus violated his constitutional guarantees and that the judgment of the Court of Criminal Appeals should be reversed because of that court’s reliance on that 1988 amendment. We agree with Thrower’s contention that § 15-18-8(g), if applied to his sentence, would be an ex post facto law. However, the trial court specifically acknowledged that contention and did not apply that section; the trial court properly justified its denial of the good time credits by stating the two other reasons previously set out above.
The judgment of the Court of Criminal Appeals is due to be affirmed, even though that court stated an incorrect reason.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.