Marvin B. McCall is appealing from the circuit court's dismissal, pursuant to the state's motion to dismiss, of his petition for writ of habeas corpus wherein he contested the validity of his incarceration pursuant to two concurrent 1988 sentences of 15 years, split into 3 years' incarceration and 5 years' probation.
McCall's filed pleadings and exhibits show the following pertinent facts: On March 1, 1988, McCall was sentenced to two 15-year split sentences. He was credited with having served 4 months and 15 days prior to his guilty pleas and sentences. His sentences were ordered to run concurrently with each other and with a Florida sentence. In August 1988, McCall was transferred to a prison in Florida and, after serving approximately 19 months, he was released on April 17, 1989. No detainer had been lodged against him. McCall thereafter resumed residency in Texas where, for approximately 18 months, he raised a family and maintained steady employment. Then he was arrested by Texas authorities for escaping from the Alabama Department of Corrections.
In the state's answer and motion to dismiss, the state admitted that no detainer was outstanding against McCall at the time of his release because the Alabama Department of Corrections' detainer had been sent *Page 734 
to the Okaloosa County, Florida, jail and had not been forwarded to the Florida Department of Corrections. The state also alleged that the Alabama Department of Corrections had given McCall 546 days of jail credit, which included credit for his pre-sentencing incarceration and for his incarceration in Florida. The state concluded, "[McCall] must serve day for day of his three-year split sentence, as his minimum and long release date is 5/13/92."
McCall's arguments that he was and is entitled to earn incentive good time credit under the Alabama Correctional Incentive Time Act, §§ 14-9-40 through -44, Code of Alabama 1975, and that, with such credit, his sentence has been served are without merit. Section 14-9-41(e) provides that "no person may receive the benefits of correctional incentive time if he . . . has received a sentence for 10 years or more in the state penitentiary." Since McCall was sentenced to more than 10 years, he is not entitled to earn incentive good time, even though his concurrent sentences were split so that he has to serve only 3 years' confinement. See Thomas v. State,552 So.2d 875 (Ala.Cr.App. 1989).
However, McCall did make factual allegations that taken as true, would entitle him to habeas corpus relief: that he was erroneously released, that his release occurred through no fault of his own, and that he had not been given credit for the time he spent at liberty on that erroneous release. See Gilesv. State, 462 So.2d 1063 (Ala.Cr.App. 1985). If these unrefuted factual allegations are true, McCall's Alabama sentences should have expired around October 17, 1990, considering his sentence date and the pre-sentencing jail credit. Thus, McCall is entitled to a determination on the merits to ascertain facts sufficient to apply the principles stated in Giles.
Because it appears that McCall would be entitled to immediate release if the allegations of McCall's petition are true, the trial court shall take all necessary action to determine the merits of McCall's claim and make a proper return to this court within 21 days of the date of this opinion.
REMANDED WITH DIRECTIONS. *Page 1181