The appellant, Charles McCorvey, appeals from the circuit court's judgment dismissing his petition for a writ of habeas corpus in which he asserted that an error had been made in "the calculation of his minimum release date pursuant to the correctional incentive time he is legally due."
McCorvey alleged the following facts:
 May 14, 1989: He was convicted of a federal offense for which he was sentenced to 4 months' imprisonment and 2 years' supervised probation.
 June 25, 1991: He was convicted of a felony in Alabama for which he was sentenced to 10 years' imprisonment. This conviction violated his federal probation and by agreement with the Alabama Department of Corrections, he was taken into federal custody to serve his federal sentence concurrently with his state sentence.
 December 12, 1992: He was released from federal custody because his federal conviction was overturned. He returned to Chicago where he resumed his business, married, and began raising a family.
 October 1994: He was arrested in North Carolina on a "fugitive escape hold" from Alabama after having been stopped by a state trooper, and he waived extradition to Alabama.
 November 10, 1994: He was returned to the custody of the Alabama Department of Corrections.
McCorvey asserted that his Alabama sentence began on August 22, 1991, which apparently is the date that he was taken into federal custody for violation of his federal probation; that he should have earned correctional incentive time credit on his state sentence pursuant to Ala. Code 1975, § 14-9-41, as if he were physically present in the Alabama prison system; and that if he was credited as he argued he should have been, he would have been released in September 1994. He further argued:
 "It appears to petitioner that respondent is attempting to assert that the time he was released from federal custody until the time he was arrested in North Carolina, a span of one year and ten months, is 'dead' time because he was on 'escape.' However, petitioner was never even charged, much less indicted for escape. Indeed, there was no escape."
The record contains the Department's response to an inquiry by McCorvey in which it informed McCorvey that he had been returned to Alabama to complete his 10-year sentence and not for an escape and that McCorvey could not receive correctional incentive time for the time he was not in custody between December 12, 1992, the date of his release from federal custody, and November 10, 1994, the date he was returned to the custody of the Alabama Department of Corrections.
The state attached to its motion to dismiss McCorvey's petition the affidavit of the corrections records director of the Alabama Department *Page 83 
of Corrections. She explained that because the Department had originally received information that McCorvey was in the custody of authorities in Fulton County, Georgia, the Department's detainer was placed with Georgia officials rather than with federal authorities; that she was notified on May 17, 1994, by the Alabama Board of Pardons and Parole that McCorvey had been released by the federal authorities; that McCorvey's last known contact with the Mobile Sheriff's Department was on May 31, 1993, when he was released on bond on city charges; that he was entered into the national crime information computer on May 27, 1994; that he was arrested on October 24, 1994; and that his scheduled release date is February 6, 1997.
McCorvey is correct in his assertion that the Alabama Supreme Court has held that the sentence of an inmate erroneously released without violation of a condition of his parole and through no fault of the inmate's own continues to run while the inmate is free. See Ex parte Agee, 474 So.2d 161, 163
(Ala. 1985) (relying on White v. Pearlman, 42 F.2d 788, 789
(10th Cir. 1930)). See also McCall v. State, 594 So.2d 733
(Ala.Cr.App. 1992); Giles v. State, 462 So.2d 1063
(Ala.Cr.App. 1985). Thus, the time should be credited as if the inmate was serving that time in confinement rather than at liberty. Part and parcel to that credit is the award of correctional incentive time for any inmate meeting the requirements of § 14-9-41.
Because the unrefuted allegations, if taken as true, would warrant relief, McCorvey was entitled to a hearing on the merits to ascertain facts sufficient to apply the principle enunciated in Agee. See Capers v. State, 646 So.2d 688
(Ala.Cr.App. 1993); McCall; Giles. Accordingly, this cause is remanded to the circuit court with the instructions that a hearing be held to determine whether McCorvey's factual allegations are true. If they are true, McCorvey is entitled to habeas corpus relief. Because McCorvey alleges that if given relief, he is due to be immediately released, the circuit court should take all necessary action to see that the circuit court makes due return to this court at the earliest possible time and within 21 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
* Note from the Reporter of Decisions: On December 29, 1995, the Court of Criminal Appeals, on return to remand, dismissed the appeal.