TAYLOR, Presiding Judge.
The petitioner, Kenneth Henley, filed this petition for a writ of prohibition asking us to direct the Honorable Sally Greenhaw, circuit judge for the Fifteenth Judicial Circuit, to retain jurisdiction of his petition for a writ of habeas corpus and not to transfer it to the Circuit Court for Escambia County. The petitioner filed a petition for a writ of habeas corpus in the Circuit Court for Montgomery County. When he filed the petition, the petitioner was an inmate at Kilby Correctional Facility in Montgomery County. After the petition was filed, the petitioner was moved to Holman Correctional Facility in Escambia County. Based on the petitioner’s transfer of custody, Judge Greenhaw transferred his petition to the Circuit Court for Escambia County. The petitioner then filed a motion in opposition to the transfer. That motion was denied. This petition for a writ of prohibition followed.
As with any petition for extraordinary relief, this court must first determine if the petition is the correct method by which to address the issues presented. This court in Goodson v. State, 588 So.2d 937 (Ala.Cr.App.1991), stated the following concerning a trial court’s order transferring a petition to another county:
“The order of a court transferring a petition to another court is a nonappealable order. ‘The general view is that ordinarily an order transferring, on the ground of lack of jurisdiction in the transferor court, a cause from one state court to another, is not appealable.’ Annot. 78 A.L.R.2d 1204, 1207 (1961). See also Ex parte National Union Life Ins. Co., 270 Ala. 578, 579, 120 So.2d 686 (1960) (mandamus is the proper method of reviewing trial court’s action in sustaining demurrer to motion to have suit transferred to equity); Wesley v. State, 61 Ala. 282, 285 (1878) (‘It is settled here, that no appeal lies for the refusal by the primary court, to order a change of venue in a criminal cause’) (emphasis omitted).”
588 So.2d at 937-38.
The Alabama Court of Civil Appeals in Ex parte Shoemaker, 644 So.2d 958, 959 (Ala.Civ.App.1993), rev’d, 644 So.2d 961 (Ala.), on remand, 644 So.2d 966 (Ala.Civ.App.1994), characterized the petition for a writ of prohibition as follows:
“A writ of prohibition is an extraordinary writ which is to be employed with extreme caution and used only in cases of extreme necessity. Ex parte State Dep’t of Mental Health & Mental Retardation, 536 So.2d 78 (Ala.Civ.App.1988); see also Ex parte Perry County Board of Education, 278 Ala. 646, 180 So.2d 246 (1965). Prohibition is not a favored writ and will not issue unless there is no other adequate remedy. Ex parte Strickland, 401 So.2d 33 (Ala.1981); Barber Pure Milk Co. of Montgomery, Inc. v. Alabama State Milk Control Board, 274 Ala. 563, 150 So.2d 693 (1963); Ex parte Burch, 236 Ala. 662, 184 So. 694 (1938). The petition for the writ ‘properly tests jurisdiction, and lies when a court acts in excess of its jurisdiction.’ Ex *559 parte City of Tuskegee, 447 So.2d 713, 716 (Ala.1984). The writ is preventive rather than corrective and is utilized to prevent the usurpation of excessive jurisdiction by a judicial tribunal. Ball v. Jones, 272 Ala. 305, 132 So.2d 120 (1961); see also Mental Health, supra. Issuance of a writ of prohibition lies within the discretion of the court, and the writ is granted or withheld according to the nature and circumstances of the ease, not as a matter of right. Barber, supra; Dear v. Peek, 261 Ala. 137, 73 So.2d 358 (1954). ‘Prohibition is the proper remedy to intercept and put an end to usurpation of jurisdiction.’ Ex parte State ex rel. Bragg, 240 Ala. 80, 85, 197 So. 32, 36 (1940).”
Here, the trial court transferred the petitioner’s habeas corpus petition once the petitioner had been transferred to another correctional facility located in another county. As the petitioner correctly contends in his petition for a writ of prohibition, Montgomery County retained jurisdiction because the petitioner was incarcerated in Montgomery County when the petition for a writ of habeas corpus was filed. As this court stated in Vick v. State, 448 So.2d 474, 477 (Ala.Cr.App.1984):
“[TJhere is the question of proper jurisdiction for this writ. From the record, it appears that the Corrections Department has housed the appellants in at least threb different locations since the time of the incident. Since the statutes of this State do not specifically cover this situation, we feel that the court in which the petition was originally filed should retain jurisdiction [assuming jurisdiction in that county was correct at that time]. Otherwise, we would have the situation in which appellants could not pursue their remedies to a final determination because of their arbitrary and periodic relocation by the Corrections Department.”
(Emphasis added.)
The reasoning of Vick is in keeping with § 15-21-1, et seq., Code of Alabama 1975, the “Habeas Corpus” chapter of the Alabama Code. Section 15-21-31 makes it a crime to transfer a prisoner to the custody of another when that prisoner is entitled to habeas corpus relief.
The petition for a writ of prohibition is due to be granted. The Montgomery Circuit Court is ordered to rescind its order transferring the petition to the Circuit Court for Escambia County. Montgomery County has jurisdiction of the petition for a writ of habe-as corpus.
PETITION GRANTED.
All the Judges concur.