On Application for Rehearing
The unpublished memorandum of February 28, 1997, is withdrawn, and this opinion is substituted therefor.
The appellant, Clifford Dean Anderson, appeals from the Franklin Circuit Court's summary denial of his Rule 32, Ala.R.Crim.P., petition in which he contested his incarceration resulting from 1979 convictions for second-degree burglary for which he was sentenced to concurrent sentences of five years' imprisonment. In that petition, Anderson asserts that he is being held in custody after his sentences have expired; he alleges that his present incarceration is pursuant to a fugitive warrant and detainer that are invalid because, he says, they were issued after his sentences had expired. He presents the following chronology to support his argument:
 May 5, 1980 — He started serving his concurrent five-year sentences.
 January 8, 1981 — An employee of the Franklin County Sheriff's department transported him from the county jail to Riverchase Memorial Hospital and left him unguarded.
 January 9, 1981 — Hospital personnel discharged him and told him that he was free to go.
 October 31, 1985 — He was returned to the custody of Alabama authorities and placed in the Jefferson County jail. He was scheduled to testify in a federal trial and during his two-week stay, he talked to FBI agents and to Franklin County law enforcement authorities.[1] After he testified, he was returned to the custody of the state of Kentucky and was paroled in Kentucky in July 1986. No warrant or detainer was filed with the Kentucky authorities by the Alabama authorities.
 May 2, 1987 — He was arrested in Huntsville, Tennessee, and was incarcerated in the Scott County, Tennessee, jail. In the Fall of 1987, he pleaded guilty to the charges and was sentenced to 15 years.
 June 25, 1987 — The Alabama Department of Corrections issued a fugitive warrant on Anderson for failure to complete his concurrent five-year sentences. A detainer was not filed at this time with the Tennessee authorities. Anderson claimed that had one been filed, he could have returned to complete his sentence or answer the information.
 September 1990 — Anderson was transferred from the custody of the Tennessee Department of Corrections to the custody of the state of Kentucky for violation of his 1986 parole. No detainer had been filed with the Tennessee authorities by Alabama. He was released from Kentucky's custody in December 1991. Again, no detainer had been filed.
 May 5, 1993 — While he was in the custody of the North Carolina Department of Corrections, the Alabama Department of Corrections filed a fugitive warrant based on his "escape." Sometime in May 1993, he received oral notice from North Carolina authorities that the Alabama authorities had filed a detainer against him for escape.
 February 9, 1994 — He was informed that he was not wanted for escape, but was wanted for the completion of his five-year sentences.
These facts, he alleges, show that from January 9, 1981, until May 5, 1993, neither he nor any state having custody of him at various times during this period had any indication that he was wanted by Alabama authorities. He further asserts that the Alabama authorities had several opportunities to know of his whereabouts and/or to file a proper warrant or detainer.
These allegations raise the question whether Anderson has been credited with the proper time toward his five-year sentences. However, it is well established that a Rule 32 petition is not the proper procedure by which to review such a question: a petition for writ of habeas corpus is the proper vehicle. Taunton v. State, 562 So.2d 614 (Ala.Cr.App. 1989),cert. denied, 562 So.2d 615 (Ala. 1990). Section 15-21-6, Code of Alabama 1975, requires that a habeas corpus petition be addressed to and filed in the circuit court nearest the inmate's place of incarceration. We reiterated in Ex parteHenley, 675 So.2d 557 *Page 493 
(Ala.Cr.App. 1996), that the circuit court of the county in which the inmate was incarcerated when he filed his habeas corpus petition retains jurisdiction over the matter even if the inmate is transferred to another correctional facility in a different county. Thus, jurisdiction for determining this question is properly in the Circuit Court of Jefferson County, although Anderson was subsequently moved to a facility in Barbour County. The Franklin Circuit Court's dismissal of Anderson's petition for lack of merit is void because that court had no jurisdiction over the merits of the petition.
Accordingly, this case is remanded to the Franklin Circuit Court with the instruction that it immediately transfer the case to the Jefferson Circuit Court for prompt consideration. In regard to the merits of Anderson's claim that his sentences have expired, which presently stands unrefuted, we note,
 "[T]he Alabama Supreme Court has held that the sentence of an inmate erroneously released without violation of a condition of his parole and through no fault of the inmate's own continues to run while the inmate is free. See Ex parte Agee, 474 So.2d 161, 163 (Ala. 1985) (relying on White v. Pearlman, 42 F.2d 788, 789 (10th Cir. 1930)). See also McCall v. State, 594 So.2d 733
(Ala.Cr.App. 1992); Giles v. State, 462 So.2d 1063
(Ala.Cr.App. 1985). Thus, the time should be credited as if the inmate was serving that time in confinement rather than at liberty."
McCorvey v. State, 675 So.2d 81 (Ala.Cr.App. 1995). "Where, however, the defendant has secured his liberty through some illegal or void means, or where he has been instrumental in obtaining the release for his own benefit, the release has been treated as an escape and credit for time at liberty has not been granted." Giles v. State, 462 So.2d 1063, 1064
(Ala.Cr.App. 1985).
If on remand the circuit court finds that Anderson's sentence has not expired, the court is to address Anderson's contention that he has not been given proper credit for the eight months and five days that he served before his release by hospital personnel.[2] Because Anderson alleges facts that if true would warrant his immediate release, the Jefferson Circuit Court should take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
UNPUBLISHED MEMORANDUM OF FEBRUARY, 28, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION GRANTED; REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.
BROWN, J., recuses.
[1] Anderson also alleges in his petition that he was informed that he was to testify in exchange for "a five year sentence . . . with a promise that he would be free after doing 90 to 120 days in the Franklin Co. Jail."
[2] In his petition, Anderson also questions the state's undue delay in prosecuting him for escape. However, this matter is not appropriate for determination by the court having habeas corpus jurisdiction, nor would it be cognizable in a Rule 32 petition attacking his convictions for burglary.
* On December 19, 1997, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.